Charles S. Simon et al., Appellants, v Schenectady North Congregation of Jehovah's Witnesses, Congregation No. 76802 of the Watchtower Bible Tract Society, Inc., Respondent.

Third Department, December 10, 1987

APPEARANCES OF COUNSEL

*Nicholas D. Morsillo* for appellants.

*Moran & Pronti (Thomas J. Pronti* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

This action was commenced by plaintiff Charles S. Simon (hereinafter plaintiff) and his wife to recover damages for personal injuries sustained by plaintiff while repairing a broken window at a church owned by defendant. The essential facts surrounding the incident are not in dispute. Early one Sunday morning, Charles Myers, a church elder of defendant, telephoned plaintiff, a member of the congregation and carpenter by trade, and asked him to board up some windows of the church which had been broken by vandals the previous night. Plaintiff initially refused to do the work because he did

not have anyone available to assist him on a Sunday. When Myers, however, told plaintiff that he would provide him with a helper, plaintiff agreed to do the work between the morning and afternoon services.

After the morning service, plaintiff was met by Howard Berry, a member of the congregation, who agreed to assist plaintiff do the work. Thereafter, plaintiff determined that additional materials were needed and he directed Berry to go to a store to purchase the materials. While Berry was gone, another member of the congregation, Edmund Voight, offered to help plaintiff. Voight assisted plaintiff by holding a piece of plywood while plaintiff cut it with an electric power saw. While plaintiff was at the window taking a measurement for the next cut, Voight left the utility room where the two were working and began talking to a group of people in the main hall of the church. Plaintiff saw Voight in the main hall but chose not to interrupt him; instead, plaintiff prepared to make the second cut by himself. Plaintiff raised the plywood off the floor by placing three blocks underneath it parallel to each other. He then placed one foot on the plywood and proceeded to cut it with both hands on the grips of the power saw. While completing the last eight inches of the cut, the plywood flew up against plaintiff's left hand causing it to leave the grip of the saw. The saw came down upon plaintiff's left thumb and almost severed it completely. Plaintiff was taken to the hospital where he underwent microsurgery to reattach the thumb.

Plaintiff's original complaint in this action alleged only common-law negligence. Thereafter, the complaint was amended to include causes of action based on defendant's alleged violation of Labor Law §§ 200, 240 and 241. After service of defendant's amended answer, plaintiff moved for summary judgment on the causes of action under the Labor Law. Defendant, in turn, cross-moved for summary judgment dismissing the amended complaint. Plaintiff then cross-moved for leave to serve a second amended complaint. Supreme Court denied both of plaintiff's motions and granted summary judgment in defendant's favor. This appeal by plaintiff ensued.

■ We agree with Supreme Court's ruling that plaintiff failed in his burden of demonstrating the existence of any factual basis to support any viable theory of recovery. As to plaintiff's claims based upon negligence and Labor Law § 200, we note that this section of the Labor Law is "merely a codification of the common-law duty of owners and contractors to furnish a safe work place" *(DaBolt v Bethlehem Steel Corp.,*

92 AD2d 70, 72, *lv dismissed* 60 NY2d 554). The only negligent conduct alluded to by plaintiff is defendant's failure to provide him with a helper to assist him in performing the work necessary for boarding up the windows. However, the facts belie this contention as it is evident that plaintiff had been provided with two assistants at the time of the accident; Berry, who had been sent on an errand by plaintiff, and Voight, who was available nearby when the accident occurred.

Inasmuch as defendant was not on notice that plaintiff needed additional help, or that there was any other defect in the workplace, defendant did not breach its duty to provide plaintiff protection from reasonably foreseeable risks of injury at the workplace. This conclusion is supported by plaintiff's own statements that he had seen Myer while measuring for the second cut and had informed him that Voight was providing assistance while Berry was gone. Plaintiff also concedes that using a helper would have prevented the accident. In addition, there is no evidence that defendant exercised any control or supervision over the manner in which the work was performed. Moreover, it was unforeseeable that plaintiff, after insisting that he be provided with a helper, would proceed to do the work without utilizing the helper. We reject plaintiff's contention that the duty to provide him with a helper was absolute and, accordingly, we find that defendant did not breach its duty to provide plaintiff with someone to assist him with the work.

■ We also reject plaintiff's contention that defendant violated Labor Law § 240. The pertinent subdivision, Labor Law § 240 (1), has been held to impose the duty to provide safety equipment to protect workers from hazards related to elevating themselves or their materials at the work site *(see, Smith v Jesus People,* 113 AD2d 980, 982-983; *Kahn v Gates Constr. Corp.,* 103 AD2d 438, 447). Since plaintiff's accident was not due to the failure to provide scaffolding, hoists, stays, ladders or any functionally similar or related device, we find Labor Law § 240 (1) to be inapplicable to the case at bar.

■ Turning to plaintiff's contention that defendant violated Labor Law § 241, on the facts presented the only relevant subdivision is Labor Law § 241 (6), which imposes a nondelegable duty upon owners, contractors and their agents "to provide reasonable and adequate protection and safety" to those employed in construction, excavation or demolition work. This

statute, however, is not self-executing and an action predicated upon Labor Law § 241 (6) must refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23) adopted by the Industrial Board of Appeals (see, Long v Forest-Fehlhaber, 55 NY2d 154, 160). Otherwise, the statutory language, read alone, is "but a reiteration of common-law standards" already subsumed in Labor Law § 200 (supra, at 160).

In the instant case, it is significant that nowhere in plaintiff's pleadings or submissions on the motion or this appeal does he make reference to any of the regulations adopted pursuant to Labor Law § 241 (6). Nor does plaintiff allege any type of negligent conduct by defendant other than the failure to provide a helper which we have already considered in relation to his common-law negligence claim. Plaintiff's failure to specify the violation of any regulation is fatal to his claim under Labor Law § 241 (6). Where, as here, defendant has effectively demonstrated that it complied with its common-law duty to reasonably provide for plaintiff's safety, plaintiff, by alleging a violation of a specific regulation which constitutes some evidence of negligence (Long v Forest-Fehlhaber, supra, at 160-161), might have created a factual issue sufficient to defeat the motion for summary judgment. In the absence thereof, we conclude that Supreme Court properly granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff also contends that Supreme Court erred in denying his motion for leave to further amend his complaint. We disagree. Although loosely pleaded, the proposed amendment seems to be an attempt to plead the existence of some special duty of care owed plaintiff by defendant arising out of the religious precepts of the church and plaintiff's status as a parishioner or member thereof. However, nowhere has plaintiff demonstrated that any such duty is different from or greater than the duty of care owed plaintiff under the common-law negligence or statutory standards already considered. If, on the other hand, plaintiff is attempting to show that defendant's conduct amounted to some form of intentional misrepresentation, as evidenced by his reliance upon Rich v New York Cent. & Hudson Riv. R. R. Co. (87 NY 382), such a claim, in our opinion, is equally unavailing since it is totally unsupported by the record. Leave to amend may properly be

denied when the proposed pleading is demonstrably without any merit (see, Siegel, NY Prac § 237, at 290). Accordingly, Supreme Court did not err in denying plaintiff's motion for leave to serve a second amended complaint.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order affirmed, without costs.