Andrea J. Shaheen, Respondent, v International Business Machines Corporation et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Third Department, June 14, 1990

APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson (Robert H. Reeder* of counsel), for International Business Machines Corporation and another, appellants.

*Ball, McDonough & Johnson (Frank M. Como* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff was injured during the renovation of a building owned by defendant International Business Machines Corporation (hereinafter IBM); defendant Sarkisian Brothers, Inc. (hereinafter Sarkisian) was the general contractor on the project. At the time of her injury, plaintiff, an electrician, was employed by subcontractor, Matco Electric Company, Inc. She was standing on a ladder with her head extending through an opening in a new suspended ceiling, from which she had previously removed a ceiling tile for access to install an electrical conduit. While in that position, she turned her head and was struck in the eye by a wire suspended from the ceiling. The evidence accounting for the wire's presence in the suspended ceiling is conflicting. This personal injury action, based on negligence and violations of Labor Law § 240 (1), § 241 (6) and § 200, was thereupon commenced.

Sarkisian and IBM (hereinafter collectively referred to as defendants) and defendant King Associates (hereinafter King), the subcontractor responsible for installing the new suspended ceiling, moved for summary judgment dismissing the complaint against them. Supreme Court denied defendants' motion, granted King's motion with respect to two of plaintiff's causes of action* and granted plaintiff partial summary judgment *(see,* CPLR 3212 [b]) as to defendants' liability for violat-

_____

* This disposition is not being challenged on this appeal.

ing Labor Law § 240 (1) and § 200 (1). The court ordered the remaining factual issues resolved at trial. Defendants appeal and we modify.

■ Plaintiff's first cause of action charges defendants with violating Labor Law § 240 (1). The circumstances surrounding plaintiff's accident, however, do not come within the reach of the statute. This provision of the Labor Law requires owners and contractors to furnish safety equipment which will protect workers from hazards occasioned by the need to elevate themselves or their materials at a work site *(Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316; *see, e.g., Izrailev v Ficarra Furniture,* 70 NY2d 813, 815; *Koumianos v State of New York,* 141 AD2d 189, 191; *Region v Woodward Constr.,* 140 AD2d 758, 760, *lv dismissed* 72 NY2d 952; *Gregory v General Elec. Co.,* 131 AD2d 967, 968). Plaintiff's accident was not in any way related to either of these activities; nor does she contend that the ladder, in its construction, placement or operation failed to provide proper protection *(see, Marcellino v Nigro,* 149 AD2d 775, 776), or otherwise created the loose wire hazard *(cf., Amedure v Standard Furniture Co.,* 125 AD2d 170, 175 [Mikoll, J., dissenting]). Plaintiff gives Labor Law § 240 (1) greater breadth of meaning than it actually has, for she suggests that merely because she was standing on a ladder when the accident occurred the statute requires holding defendants absolutely responsible for failing to provide her with protective eyewear. The statute is not so expansive; it only imposes absolute liability if a plaintiff's accident is due to the failure to provide effective scaffolding, hoists, stays, ladders, ropes "or any functionally similar or related device" *(Simon v Schenectady N. Congregation of Jehovah's Witnesses, supra,* at 316; *cf., La France v Niagara Mohawk Power Corp.,* 89 AD2d 757, *appeal dismissed* 58 NY2d 747). It may well be that protective glasses might have guarded against the hazard created by the loose wire, but Labor Law § 240 (1) does not impose any obligation to provide such eyeglasses simply by virtue of plaintiff's elevated position *(see, Barnes v Park Cong. Church,* 145 AD2d 889, 890, *lv dismissed* 74 NY2d 650; *Amedure v Standard Furniture Co., supra,* at 173). Accordingly, defendants are entitled to summary judgment dismissing plaintiff's first cause of action against them.

■ The second cause of action seeks to impose liability for violations of Labor Law § 241 (6), because defendant allegedly breached implementing rules of the Industrial Code dealing

with, among other things, "sharp projections" in working areas (12 NYCRR 23-1.7 [e] [2]) and the need to provide eye protection equipment 12 NYCRR 23-1.8 [a]). As Supreme Court observed, this cause of action does not lend itself to summary judgment; even apart from the question of whether plaintiff herself was culpable, the applicability of these rules to the occurrence giving rise to her injuries is unclear on this record as presently constituted.

█ Unlike Supreme Court, however, with respect to defendants' liability based on Labor Law § 200 (1) we perceive that questions of fact exist making summary judgment in plaintiff's favor on the third cause of action also inappropriate. Inasmuch as this section codifies the common-law duty of owners and general contractors to furnish a safe working environment (see, Allen v Cloutier Constr. Corp., 44 NY2d 290, 299), typical negligence principles govern its resolution (see, Employers Mut. Liab. Ins. Co. v Di Cesare & Monaco Concrete Constr. Corp., 9 AD2d 379, 382; see also, 1 NY PJI2d 494; in short, liability is predicated upon a defendant's failure to take reasonable care to foster safety in the work area.

In her bill of particulars, plaintiff maintains that defendants negligently failed to attach the ceiling wire, warn her of its danger or to properly inspect and thereby detect the loose wire. In support of their motion for summary judgment, defendants submitted workers' compensation claim forms and medical records, all of which indicate that before commencing this lawsuit plaintiff reported that the wire recoiled and hit her in the eye after she disconnected it from the ceiling grid. Additionally, depositions and affidavits from Sarkisian's and King's employees, submitted on the motion, attest that the contractor had removed all existing wires and that the subcontractor had fastened all new wires to the ceiling grid before installing the ceiling tiles. In response, plaintiff submitted an affidavit in which she avers that she did not detach the wire from the grid and only became aware of its presence after it struck her. She also claims that she did not provide the information upon which the medical records relied and attributes the inconsistency in her prior statement as to how the accident occurred to a grammatical error. Given the foregoing, the question of whether the wire became loose and went undetected because of some fault on the part of Sarkisian or King, or because of plaintiff's own conduct, presents triable fact issues precluding summary judgment.

█ Nor can we credit defendants' contention that neither of

them had the authority to control the activity bringing about plaintiff's injury to enable them to avoid or correct the unsafe condition she allegedly confronted (see, Karian v Anchor Motor Frgt., 144 AD2d 777, 778). Sarkisian, which was responsible for removing the preexisting suspended ceiling system, including all the wires used to hang it, plainly had control over this activity, which plaintiff insists it failed to properly perform. And IBM, the owner of the building, contractually retained the authority to accept or reject finished work or stop progressing work, devised detailed construction and safety guidelines that Sarkisian and the subcontractors were obligated to follow, and closely supervised and inspected the renovation. While neither retention of inspection privileges nor a general power to supervise alone constitute control sufficient to impose liability (see, Ortiz v Uhl, 39 AD2d 143, 147, affd 33 NY2d 989; Ramos v State of New York, 34 AD2d 1056, lv denied 28 NY2d 487), here IBM's ubiquitous presence throughout the renovation and its extensive involvement in the project indicate that it could indeed have corrected or avoided the alleged unsafe condition.

MAHONEY, P. J., KANE, MIKOLL and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff summary judgment against defendants International Business Machines Corporation and Sarkisian Brothers, Inc. on the issue of liability on her first and third causes of action; grant summary judgment to said defendants dismissing plaintiff's first cause of action; and, as so modified, affirmed.