■ RAYMOND H. SPRINGER et al., Appellants, v KEITH CLARK PUBLISHING COMPANY, et al., Defendants and Third-Party Plaintiffs-Respondents. CONSOLIDATED MASONRY CONTRACTORS et al., Third-Party Defendants-Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Smyk, J.), entered June 19, 1990 in Broome County, which granted motions by defendants and third-party defendants for summary judgment dismissing the complaint.

Plaintiff Raymond H. Springer (hereinafter plaintiff) was injured during the construction of an addition to a building owned by defendant Keith Clark Publishing Company; defendant Burton-Markoff Construction Company, Inc. was the general contractor on the project. At the time of his injury, plaintiff, employed by third-party defendants,* the masonry subcontractor on the job, was laying cinder blocks while working on scaffolding about five feet off the ground. Because of intermittent periods of heavy rain, plaintiff and the other workers descended from the scaffolding a number of times, returning to work on the scaffolding when the rain subsided. On the last of those occasions, all of the other workers descended before plaintiff. Plaintiff stated that when he was approximately 18 inches from the edge of the scaffold, he slipped and fell to the ground. Plaintiffs then initiated this

---

* Third-party defendant Consolidated Masonry Contractors, Inc. apparently was a successor to third-party defendant Consolidated Masonry Contractors and assumed its contracts and obligations.

personal injury action based on, *inter alia,* violations of Labor Law § 240 (1) and § 241 (6).

Third-party defendants moved for summary judgment dismissing the complaint and the third-party complaint. Defendants joined in the motion to dismiss the complaint. Plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action brought pursuant to Labor Law § 240 (1). Supreme Court granted defendants' and third-party defendants' motions and denied plaintiffs' cross motion. This appeal by plaintiffs followed.

We reject plaintiffs' contention that defendants violated Labor Law § 240 (1) by allowing the scaffolding to become wet and slippery. This Labor Law provision imposes the duty to furnish safety equipment which will protect workers from hazards related to elevating themselves or their materials at a work site *(Shaheen v International Business Machs. Corp.,* 157 AD2d 429, 432; *Simon v Schenectady N. Cong. of Jehovah's Witnesses,* 132 AD2d 313, 316). Plaintiffs have failed to come forward with evidence sufficient to raise a triable issue of fact as to whether there was a defect in the scaffolding. The scaffolding did not break or collapse. Nor did it slip or move *(cf., Brown v Petracca & Son,* 124 AD2d 772, 773; *Dougherty v State of New York,* 113 AD2d 983, 984). Indeed, the uncontroverted proof is that the scaffolding was properly constructed and performed its function of elevating and supporting the workers and their materials. Clearly, the fact that it was raining and that mortar had spilled on the planking had nothing to do with the condition of the scaffolding itself. That the scaffolding became wet and slippery does not demonstrate that it was not "so constructed, placed and operated as to give [plaintiff] proper protection" (Labor Law § 240 [1]). In our view, the circumstances surrounding plaintiff's accident are beyond the reach of section 240 (1). Accordingly, the cause of action pursuant to Labor Law § 240 (1) was properly dismissed.

In contrast, however, Supreme Court erred in granting defendants' and third-party defendants' motions to dismiss plaintiffs' Labor Law § 241 (6) claim. Plaintiffs assert that defendants violated 12 NYCRR 23-1.7 (d), which implements Labor Law § 241 (6) and requires that "[e]mployers shall not suffer or permit any employee to use a * * * platform or other elevated working surface which is in a slippery condition". Clearly, this cause of action does not lend itself to summary judgment *(see, Shaheen v International Business Machs. Corp., supra,* at 433), particularly in view of the question of whether

plaintiff himself was culpable *(see, Long v Forest-Fehlhaber,* 55 NY2d 154, 160-161). Apart from this, evidence that intermittent rain forced plaintiff and other workers to interrupt their work on four or five occasions and that third-party defendants' foreman did not check the condition of the scaffolding following each storm established triable issues of fact as to whether defendants and third-party defendants permitted plaintiff to work under hazardous conditions and whether such conditions were the proximate cause of his injuries *(see, Hammond v International Paper Co.,* 161 AD2d 914, 915).

Order modified, on the law, without costs, by reversing so much thereof as granted the motions dismissing the cause of action under Labor Law § 241 (6); motions denied to that extent; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.

