■ JOSEPH BONAPARTE, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered May 22, 1991 in St. Lawrence County, which, *inter alia,* denied plaintiff's motion for partial summary judgment.

Plaintiff commenced this action to recover for injuries he sustained when his foot became entangled in an electrical cable and he fell backward onto the surface of his work site, an elevated scaffold. Following discovery, the parties cross-moved for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1). Supreme Court denied the motion and cross motion and plaintiff appeals.*

"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries *proximately caused by that failure" (Jock v Fien,* 80 NY2d 965, 968 [emphasis supplied] [citations omitted]; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Here, although plaintiff was exposed to an elevation-related hazard as a result of his work on the scaffold, his injuries were not proximately caused by a failure to provide safety devices necessary to protect him from that risk. To the contrary, plaintiff only fell to the surface of the scaffold, and not from it, and his injuries were proximately caused by a walking surface which was cluttered with construction equipment, materials and debris, a risk wholly unrelated to elevation *(see, Rocovich v Consolidated Edison Co., supra; Tuohey v Gainsborough Studios,* 183 AD2d 636; *Springer v Clark Publ. Co.,* 171 AD2d 914, 915). In the absence of any evidence that the scaffold was not properly constructed or failed to "perform[] its function of elevating and supporting the workers and their materials" *(Springer v Clark Publ. Co., supra,* at 915), Supreme Court should have granted defendants' cross motion and dismissed the Labor Law § 240 cause of action.

Yesawich Jr. and Crew III, JJ., concur.

Mikoll, J. (dissenting). We respectfully dissent.

Contrary to the conclusion reached by the majority, and considering all the relevant facts and circumstances *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 180 AD2d 385, 390), we do

---

* Defendants' failure to file a notice of appeal does not prevent us from considering whether Supreme Court erred in denying their motion for partial summary judgment *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111).

not construe the Court of Appeals' recent holding in *Rocovich v Consolidated Edison Co.* (78 NY2d 509) to require dismissal of plaintiff's Labor Law § 240 (1) claim. The fact that plaintiff was caused to fall onto the scaffold rather than completely from it is only a fortuitous event that does not change the elevation-related character of the incident. There is evidence that the surface of the elevated narrow scaffolding was and had been previously cluttered with debris, including scaffold piping (tubular piping used to construct and enlarge the height of the scaffolding on which plaintiff was working), cables, wiring and other material. A fact finder could conclude that the debris and the unconnected tubular piping left laying on the surface obstructed and reduced the work space on the scaffolding so as to render the scaffold spatially inadequate to serve the purpose for which it was designed and, thus, the scaffolding was not so constructed, placed and operated to provide the "proper protection" required by Labor Law § 240 (1) *(see, Bland v Manocherian,* 66 NY2d 452, 460; *Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 865).

The cases of *Springer v Clark Publ. Co.* (171 AD2d 914) and *Tuohey v Gainsborough Studios* (183 AD2d 636), cited by the majority, are factually distinguishable from the instant case. The accidental electrocution of a worker in *Tuohey* was not shown to be related to the scaffolding itself. The mortar which caused the fall in *Springer* became wet due to falling rain, a contemporary event, and was foreign to the scaffold. In our view, Supreme Court properly denied defendants' cross motion for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

Weiss, P. J., concurs. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' cross motion for partial summary judgment; motion granted, partial summary judgment awarded to defendants and the cause of action alleging defendants' liability under Labor Law § 240 (1) is dismissed; and, as so modified, affirmed.