JERRY J. PULSIFER et al., Respondents, v EASTMAN KODAK COMPANY, Appellant. [631 NYS2d 948] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment under Labor Law § 240 (1). Plaintiff Jerry Pulsifer was injured as he descended a ladder from one level of scaffolding to another, an activity covered by the statute *(see, Brown v Niagara Mohawk Power Corp.,* 188 AD2d 1014). Unlike the plaintiff in *Bonaparte v Niagara Mohawk Power Corp.* (188 AD2d 853), Pulsifer did not fall at the same level at which he had been working.

The court erred, however, in granting plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (2). Although it is uncontroverted that the scaffolding lacked guardrails in contravention of the statute, plaintiffs did not show that the violation of the statute was a proximate cause of Pulsifer's injuries, inasmuch as Pulsifer was descending a ladder when he fell *(see, Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Knight v Conopco,* 216 AD2d 893; *Rossi v Main-South Hotel Assocs.,* 168 AD2d 964). We modify the order on appeal by denying plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (2). (Appeal from Order of

Supreme Court, Monroe County, Frazee, J.—Labor Law.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.