THOMAS DUELL, Respondent-Appellant, v EASTMAN KODAK COMPANY, Appellant-Respondent. [637 NYS2d 552] —Order unanimously affirmed without costs. Memorandum: Plaintiff struck his head on a ceiling joist while walking on a plywood platform atop a scaffold, causing him to fall to the plywood platform. Supreme Court properly granted that portion of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action. Plaintiff's injury did not "directly flow[ ] from the application of the force of gravity to an object or person" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501). The risk of walking into a low ceiling joist is a risk wholly unrelated to elevation differentials *(see, Bonaparte v Niagara Mohawk Power Corp.,* 188 AD2d 853, *appeal dismissed* 81 NY2d 1067). The court properly denied that portion of defendant's motion for summary judgment seeking dismissal of the Labor Law § 241 (6) cause of action. Defendant failed to show that the lighting in the area where plaintiff was working was sufficient to meet the standard set forth in 12 NYCRR 23-1.30. Thus, defendant failed to meet its burden of coming forward with proof in evidentiary form establishing that the cause of action has no merit; that failure requires

denial of the motion, regardless of the sufficiency of the opposing papers (see, McGowan v Villa Maria Coll., 185 AD2d 674; Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615; see also, Wallace v Parks Corp., 212 AD2d 132, 139). (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.— Labor Law.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.