■ BRYAN HICKS, Respondent, v MONTEFIORE MEDICAL CENTER, Defendant, and TURNER CONSTRUCTION CORPORATION, Appellant. (And a Third-Party Action.) [697 NYS2d 606] —Order, Supreme Court, Bronx County (Harold Silver, J.), entered June 17, 1998, granting plaintiff's motion for summary judgment under Labor Law § 240 (1), unanimously reversed, without costs, the motion denied and the matter remanded for further proceedings.

In his pleadings, plaintiff claimed that he had been walking on the scaffold when his foot struck a protruding piece of metal causing him to fall, and that he broke his left ankle as a result of the fall. However, the report of plaintiff's treating physician indicates that the ankle was injured when he was struck by an object at a job site, while the accident report indicates that he struck his ankle on the "cross-brace", raising an issue that the ankle was injured while plaintiff was still on the scaffold.

The IAS Court, granting summary judgment, concluded that plaintiff tripped on the cross-brace and fell, and that he had not been provided with safety devices pursuant to Labor Law § 240 (1), which proximately caused the injury. However, find-

ings regarding how and where the ankle was actually injured cannot be made on this record.

Injuring an ankle while merely located on a scaffold is not an elevation-related risk imposing strict liability under Labor Law § 240 (1) (*Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914; *Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067), where such an injury results from the ordinary, non-elevation relation dangers found at a work site, albeit located on (*supra*) or near (*Fulton v Northland Assocs.*, 248 AD2d 1020) a scaffold. The conflicting evidence submitted in support of plaintiff's motion for summary judgment raises factual issues as to whether the ankle was injured while plaintiff was still on the scaffold, or whether it resulted from a fall from the scaffold, or whether he actually had been on the scaffold when the incident giving rise to the injury occurred. In view of factual discrepancies in plaintiff's own evidence, a triable issue exists (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460) warranting denial of summary judgment under Labor Law § 240 (1) (*Laguna v 285 Cent. Park W. Corp.*, 244 AD2d 241; *Holt v Welding Servs.*, 264 AD2d 562). Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.