■ Robert B. Rohrback, Jr., et al., Respondents, v Legion Associates Joint Venture et al., Defendants. Legion Associates Joint Venture, Third-Party Plaintiff, v Quality Markets, Inc., Third-Party Defendant-Respondent, and Gordon & Zoerb's Electrical Contracting, Inc., Third-Party Defendant-Appellant. [724 NYS2d 392] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of third-party defendant Gordon & Zoerb's Electrical Contracting, Inc. (Gordon) for summary judgment dismissing the Labor Law § 240 (1) cause of action against defendants Legion Associates Joint Venture, Benchmark Group and Benchmark Development Corporation and in granting plaintiffs' cross motion for partial summary judgment on liability on that cause of action. Labor Law § 240 (1) is inapplicable because the injury of Robert B. Rohrback (plaintiff) "did not 'directly flow[ ] from the application of the force of gravity to an object or person'" (*Duell v Eastman Kodak Co.*, 224 AD2d 997, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Here, the scaffold did not fail in its role as

a platform from which plaintiff could work at an elevation; instead, the scaffold moved as a result of the failure of the motor system, causing plaintiff to strike his face and head on the overhead duct work. We therefore modify the order accordingly.

In addition, although the court properly granted the cross motion of third-party defendant Penn Traffic, Inc., d/b/a Quality Markets, Inc. (Quality), seeking common-law indemnification from Gordon, the court should have conditioned such indemnification upon the payment of a judgment by Quality (*see, Gillmore v Duke / Fluor Daniel*, 221 AD2d 938, 940-941). We therefore further modify the order accordingly. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.