■ JACK L. DiPASQUALE, Respondent-Appellant, v M.J. OGIONY BUILDERS, INC., et al., Appellants-Respondents. [875 NYS2d 375]—

Appeals and cross appeal from an order of the Supreme Court,

Erie County (Diane Y. Devlin, J.), entered February 1, 2008 in a personal injury action. The order, inter alia, granted the motion of plaintiff for partial summary judgment pursuant to Labor Law § 240 (1) against defendant Fisher Homes, LLC.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and by denying in its entirety the cross motion of defendant M.J. Ogiony Builders, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while installing drywall in a home under construction. Supreme Court granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) against defendant Fisher Homes, LLC (Fisher). In addition, the court granted that part of the cross motion of Fisher for summary judgment dismissing the Labor Law § 241 (6) claim against it, denied the cross motion of defendant M.J. Ogiony Builders, Inc. (Ogiony) insofar as it sought summary judgment dismissing the complaint against it, and granted the alternative relief sought by Ogiony, i.e., summary judgment on its cross claim for common-law indemnification against Fisher.

We agree with Fisher that the court erred in granting plaintiff's motion against it, and we therefore modify the order accordingly. Although plaintiff met his initial burden on the motion with respect to Fisher, we conclude that Fisher raised an issue of fact whether "plaintiff was . . . injured while falling from, or attempting to prevent himself from falling from, the scaffold" (*Milligan v Allied Bldrs., Inc.*, 34 AD3d 1268 [2006]; *see Hicks v Montefiore Med. Ctr.*, 266 AD2d 14 [1999]; *cf. Pulsifer v Eastman Kodak Co.*, 219 AD2d 880 [1995]). "The fact that a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by section 240 (1) of the Labor Law" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]). Here, Fisher submitted evidence that plaintiff was injured when he tripped and fell onto the scaffold upon which he was working, thereby raising a triable issue of fact whether "plaintiff's injury was not related to the effects of gravity and could have happened at ground level" (*Auchampaugh v Syracuse Univ.*, 57 AD3d 1291, 1293 [2008]; *see generally Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853 [1992], *appeal dismissed* 81 NY2d 1067 [1993]).

We also agree with Fisher that the court erred in granting the cross motion of Ogiony for summary judgment on its cross claim

for common-law indemnification against Fisher, the alternative request for relief in the cross motion, and we therefore further modify the order accordingly. In seeking that relief, Ogiony was required to establish as a matter of law that it was not negligent, and that Fisher was either "guilty of some negligence that contributed to the causation of the accident" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]; *see Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 495 [2004]), or that Fisher had "the authority to direct, supervise, and control the work giving rise to the injury" (*Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 557 [2003]). Ogiony relied upon the latter theory of liability, and we conclude that it failed to submit evidence establishing as a matter of law that Fisher had the requisite authority to direct, supervise and control the work site (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to that part of the cross motion of Ogiony seeking summary judgment dismissing the Labor Law claims against it, we conclude that it failed to meet its initial burden of establishing as a matter of law that it did not own the property where the accident occurred. Thus, the court properly denied that part of the cross motion (*cf. Ryba v Almeida*, 27 AD3d 718 [2006]; *see generally Goodell v Rosetti*, 52 AD3d 911, 914 [2008]). Finally, we reject plaintiff's contention that the court erred in granting that part of the cross motion of Fisher for summary judgment dismissing the Labor Law § 241 (6) claim against it. Here, Fisher established as a matter of law that the Industrial Code regulation upon which plaintiff relies for the alleged violation of Labor Law § 241 (6), i.e., 12 NYCRR 23-1.7 (b) (1), does not apply to plaintiff's fall from a scaffold (*see generally Hotaling v Corning Inc.*, 12 AD3d 1064, 1065 [2004]), and plaintiff failed to raise a triable issue of fact.

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.