**Davila v RCPI Landmark Props., L.L.C.**

2024 NY Slip Op 33293(U)

September 19, 2024

Supreme Court, New York County

Docket Number: Index No. 155851/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN                    PART                    58

*Justice*

-----------------------------------------------------------------------------X

VICTOR DAVILA,

                                    Plaintiff,

                            - v -

RCPI LANDMARK PROPERTIES, L.L.C., TISHMAN
SPEYER PROPERTIES, L.P., COYLE CONTRACTING
CORP.

                                    Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155851/2020 |
| MOTION DATE | 01/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law action, plaintiff moves pursuant to CPLR 3212 for an order granting him partial summary judgment on liability on his Labor Law § 240(1) claim against defendants. Defendants oppose and by notice of cross-motion, move for summary dismissal of the complaint against them. Plaintiff opposes the cross-motion.

It is undisputed that plaintiff's accident occurred when he was performing construction work on a ladder at premises owned and/or managed by defendants. He had placed the ladder on the ground to perform his work and set it up in an area where there was a low-hanging pipe, of which he was aware. Plaintiff climbed to the third, fourth or fifth rung of the ladder, and then hit his head on the pipe. After he hit his head, he slid down the ladder and landed on his feet on the floor. The ladder was not defective in any way, nor did plaintiff fall from it.

On a motion for summary judgment, the movant must "establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.*, 68 NY2d

155851/2020   DAVILA, VICTOR vs. RCPI LANDMARK PROPERTIES,          Page 1 of 4
Motion No.  001

1 of 4

320, 324 [1986]). After this showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman*, 49 NY2d at 562).

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]).

A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]). In a case involving a fall, the plaintiff must show that the absence or inadequacy of a safety device provided to protect her or him from a fall was the proximate cause of her or his injuries (*Nazario v 222 Broadway, LLC*, 135 AD3d 506 [1st Dept 2016], *modified on other grounds* 28 NY3d 1054 [2016]).

The facts in *Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914 (1999) are particularly instructive. There, the plaintiff was injured when he descended a ladder and as he stepped from the last rung, he stepped onto a cloth which was covering a concealed object, which caused him to twist his ankle and fall. The Court held that the accident as not covered by Labor Law § 240(1), as follows:

> The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards and do "not encompass any and all perils that may be connected in some tangential way with the effects of gravity" . . . Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240(1) liability exists.

**155851/2020 DAVILA, VICTOR vs. RCPI LANDMARK PROPERTIES,** **Page 2 of 4**
Motion No. 001

2 of 4

> Here, the ladder was effective in preventing plaintiff from falling during performance of the ceiling sprinkler installation. Thus, the core objective of section 240(1) was met. As in [prior cases], plaintiff's injury resulted from a separate hazard wholly unrelated to the danger that brought about the need for the ladder in the first instance . . . There was no evidence of any defective condition of the ladder or instability in its placement. Hence, the risk to plaintiff was not the type of extraordinary peril section 240(1) was designed to prevent. Rather, his injuries were the result of the usual and ordinary dangers at a construction site.

(citations omitted).

Here, the ladder was not defective, and plaintiff did not fall from it. The injury was caused by plaintiff's placement of the ladder in an area with a low-hanging pipe and his striking of his head on the pipe. Plaintiff chose where to place the ladder and he observed the ceiling in that area and saw the pipe in issue before hitting his head on it.

Plaintiff thus fails to establish that the accident was caused by the absence or inadequacy of a safety device, and defendants demonstrate that it was not a covered accident under Labor Law § 240(1) (*see Desprez v United Print Broadway, LLC*, 225 AD3d 518 [1st Dept 2024] [plaintiff's injury not a violation of Labor Law § 240(1) as he was on ladder using grinder and grinder shook and struck his face; while ladder moved, it did not fall and plaintiff did not fall from it]; *Almodovar v Port Auth. of New York and New Jersey*, 138 AD3d 571 [1st Dept 2016] [plaintiff was injured when, while descending ladder, his pant leg caught on rebar protruding from floor, causing him to lose balance and fall to ground, and thus accident was result of usual and ordinary dangers of construction site]; *Donovan v S & L Concrete Constr. Corp.*, 234 AD2d 336 [2d Dept 1996] [as plaintiff injured when he hit head on ceiling beam while working on scaffold, injury not contemplated by Labor Law § 240(1)]; *Duell v Eastman Kodak Co.*, 224 AD2d 997 [4th Dept 1996] [court correctly dismissed Labor Law § 240(1) claim as plaintiff injured when he struck head on ceiling joist while walking on platform atop scaffold, causing him to fall to platform]; *Shaheen v Intl. Bus. Machs. Corp.*, 157 AD2d 429 [3d Dept 1990]

155851/2020   DAVILA, VICTOR vs. RCPI LANDMARK PROPERTIES,                    Page 3 of 4
Motion No.  001

3 of 4

[plaintiff's accident not covered under Labor Law § 240(1) where she was injured when, while standing on ladder, she removed ceiling tile, turned head, and was struck in eye by suspended wire]).

Accordingly, it is hereby

ORDERED, that plaintiff's motion for partial summary judgment is denied; and it is further

ORDERED, that defendants' motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed, and the clerk is directed to enter judgment accordingly.

| | | | |
|---|---|---|---|
| __9/19/2024__ | | | _____ |
| **DATE** | | | **DAVID B. COHEN, J.S.C.** |

20240919161526DBCOHEN6AEF652C9EAA456EAABF7944A606BCEA

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155851/2020   DAVILA, VICTOR vs. RCPI LANDMARK PROPERTIES,**
**Motion No.  001**

**Page 4 of 4**

[* 4]

4 of 4