■ STEVEN DAMON, Respondent, v KARL STARKWEATHER et al., Appellants and Third-Party Plaintiffs-Appellants. LARRY D. BARROWS, Individually and Doing Business as BARROWS CONSTRUCTION Co., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to defendants in accordance with the following Memorandum: Plaintiff was injured when the scaffolding on which he was standing collapsed and he fell some 14 feet to the ground. He commenced this action against the individual defendants, as owners of the construction site, and the corporate defendant, as general contractor, alleging liability for a violation of sections 200, 240 (1) and 241 (6) of the Labor Law. He was granted partial summary judgment on liability under Labor Law § 240 (1). The defendants appeal from an order which denied their cross motion for conditional summary judgment on their third-party cause of action against Barrows, the subcontractor, for common-law indemnification.

Supreme Court erred in denying that cross motion. The record is devoid of evidence that the individual defendants, as owners of the site, directed, controlled or supervised the manner in which the work was performed. Further, the record shows that Barrows had sole control over the erection and maintenance of the scaffolding and the performance of plaintiff's work. Under the circumstances, the individual defendants were entitled to summary judgment (see, Pietsch v Moog, Inc., 156 AD2d 1019).

Barrows asserts that there are factual issues whether a bracket supporting the scaffolding came loose or the planks on the scaffolding were defective, and whether Starkweather Construction provided the planks or materials for the brackets. There are no such issues. The only first-hand account of the accident is that of plaintiff, a Barrows employee, who testified that the bracket "let loose" and the scaffolding collapsed. Speculation that the accident might have occurred in another manner is not sufficient to raise a triable issue (see, Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966; Edelstein & Co. v Ambassador Ins. Co., 86 AD2d 83). The uncontroverted proof indicates that Starkweather Construction did not direct or control the manner in which Barrows performed its work; that Barrows employees erected the scaffolding; and that Starkweather Construction's role was limited to providing blueprints indicating the work to be performed, periodic inspections of the progress of the work, general clean up, and the ordering of materials and supplies as needed. Barrows presented no evidence that the scaffolding lumber or bracket

was supplied by Starkweather Construction. The evidence is that Barrows supplied all of the tools and equipment, except for an electric generator. Barrows failed to submit evidence indicating that Starkweather Construction played an active part in the erection or maintenance of the scaffolding, and thus, that defendant also is entitled to summary judgment on its common-law indemnification claim (see, Kemp v Lakelands Precast, 55 NY2d 1032; Kelly v Diesel Constr. Div., 35 NY2d 1, 6-7; Conway v New York State Teachers' Retirement Sys., 141 AD2d 957, 959-960). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present —Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.