■ MARY A. JANNACE, Appellant, v JOHN E. BOEGGEMAN et al., Respondents. [608 NYS2d 112] —In an action, *inter alia,* for rescission of an attorney's shareholder agreement, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 19, 1991, which granted the defendants' motion for a protective order pursuant to CPLR 3103 (a), and denied her cross motion for sanctions, and (2) an order of the same court, entered June 4, 1992, which granted the defendants' motion to compel the plaintiff to respond to their demand for a list of witnesses, and failed to decide her cross motion for sanctions.

Ordered that the appeal from so much of the order entered June 4, 1992, as failed to decide the plaintiff's cross motion for sanctions is dismissed; and it is further,

Ordered that the order entered April 19, 1991, is affirmed, and the order entered June 4, 1992, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The court did not improvidently exercise its discretion in granting the defendants' motion for a protective order (see, CPLR 3103 [a]). Nor was it error to compel the plaintiff to produce a list of witnesses on the issue of the decedent's condition prior to entering into the subject agreement (see, Zellman v Metropolitan Tr. Auth., 40 AD2d 248).

The appeal from so much of the order entered June 4, 1992, as failed to decide the plaintiff's cross motion for sanctions must be dismissed (see, Katz v Katz, 68 AD2d 536). In any event, we find no merit to the plaintiff's contention that the court should have imposed sanctions against the defendants for frivolous conduct (see, 22 NYCRR 130-1.1). Bracken, J. P., Balletta, O'Brien and Pizzuto, JJ., concur.