■ Augustus Richardson, Plaintiff, v Joseph Matarese et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. LMH Construction Company et al., Third-Party Defendants-Respondents. (Action No. 1.) William Stanley, Plaintiff, v Joseph Matarese et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. LMH Construction Company et al., Third-Party Defendants-Respondents. (Action No. 2.) [614 NYS2d 426] —In two related actions to recover damages for personal injuries, Joseph Matarese, Michael Matarese, and the Mandella Company, defendants third-party plaintiffs in both actions, appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated April 1, 1993, which denied their motion for summary judgment granting them indemnification against first third-party defendant LMH Construction Company and purportedly denied the same motion for summary judgment against second third-party defendant the Noonan Group.

Ordered that the appeal from so much of the order as failed to decide the motion for summary judgment for indemnification against second third-party defendant the Noonan Group is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion for summary judgment is granted conditionally, upon the plaintiffs' recovery of damages from the appellants; and it is further,

Ordered that the appellants are awarded one bill of costs payable by third-party defendant LMH Construction Company.

The facts of these actions are discussed in *Richardson v Matarese* (206 AD2d 353 [decided herewith]). The defendants third-party plaintiffs (hereinafter defendants), owners of the premises where the plaintiffs were injured, moved for summary judgment on the issue of indemnity against LMH Construction Company (hereinafter LMH), the plaintiffs' employer, and against the Noonan Group (hereinafer Noonan), the construction manager of the renovation project at the premises.

We find that the defendants proved their entitlement to a conditional judgment on the issue of indemnity against LMH, pending the determination of the plaintiffs' action against them *(see, Kemp v Lakelands Precast,* 55 NY2d 1032; *McCabe v Queensboro Farm Prods.,* 22 NY2d 204). There was no showing that the defendants directed or controlled the plaintiffs' work. While the defendants were on the premises in order to observe the progress of the work and instructed LMH to slow down or speed up the work for financial reasons, these facts do not raise a triable issue of fact as to whether the defendants were actively negligent *(see, Curtis v 37th St. Assocs.,* 198 AD2d 62; *Damon v Starkweather,* 185 AD2d 633). The evidence indicated that LMH was solely responsible for directing the plaintiffs' work and was the entity which installed the floor which collapsed. The attorney for LMH speculates that the beams, nails and plywood furnished to LMH might have been defective, which would preclude a finding that LMH was 100% at fault in the happening of the accident. However, it is well settled that bald conclusory allegations are insufficient to defeat a motion for summary judgment *(see, Jones v Gameray,* 153 AD2d 550).

The appeal from so much of the order as failed to decide the defendants' motion for summary judgment against Noonan must be dismissed *(see, Jannace v Boeggeman,* 199 AD2d 467; *Katz v Katz,* 68 AD2d 536). Mangano, P. J., Altman, Hart and Florio, JJ., concur.