■ CHARLES FLICK, Plaintiff, v EASTMAN KODAK CO., INC., Defendant and Third-Party Plaintiff-Respondent. MONROE PIPING & SHEET METAL, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; FRONTIER INSULATION/ROCHESTER, INC., Fourth-Party Defendant-Appellant. (Appeal No. 1.) [636 NYS2d 528] —Order and judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff, an employee of fourth-party defendant Frontier Insulation/Rochester, Inc. (Frontier), established that the statute was violated and that the violation was the proximate cause of his injury *(see, Bland v Manocherian,* 66 NY2d 452). Two co-workers, who heard but did not see plaintiff fall, corroborated plaintiff's account of the accident *(see, Turner v Eastman Kodak Co.,* 210 AD2d 883). Speculation that the accident might have occurred in another manner or that it did not occur at all is insufficient to create an issue of fact *(see, DeRocha v Old Spaghetti Warehouse,* 207 AD2d 978, 979; *Damon v Starkweather,* 185 AD2d 633).

The court also properly granted the motion of defendant-third party plaintiff Eastman Kodak, Co., Inc. (Kodak) against third-party defendant and fourth-party plaintiff Monroe Piping & Sheet Metal, Inc. (Monroe) for summary judgment on common-law indemnification and the motion of Monroe against Frontier for summary judgment on common-law indemnification. The record establishes that neither Monroe nor Kodak directed or controlled the manner in which Frontier employees performed their work or provided safety equipment for their employees *(see, Grant v Gutchess Timberlands,* 214 AD2d 909; *Damon v Starkweather, supra).* The periodic inspection of the work by a Kodak employee does not constitute the type of supervision or control necessary to establish Kodak's common-law liability for the injury sustained by plaintiff *(see, Loper v City of Rochester,* 209 AD2d 1052; *Damon v Starkweather, supra).*

Finally, the court properly granted the motion of Monroe against Frontier for summary judgment on contractual indemnification *(see, Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 957). The agreement between those parties requires Frontier to indemnify Monroe against all damages for personal injuries arising out of Frontier's performance of the work, other than those caused by Monroe's negligence. Plaintiff's injuries arose out of Frontier's performance and there is no evidence of negligence on the part of Monroe. (Appeal from Order and Judgment of Supreme Court, Erie County,

Mintz, J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.