CALVIN R. BENNION, III, Respondent-Appellant, v GOOD-YEAR TIRE & RUBBER COMPANY, Appellant-Respondent and Third-Party Plaintiff-Respondent. EXPERT REFRIGERATION COMPANY, INC., Third-Party Defendant-Appellant-Respondent. [645 NYS2d 195] —Order affirmed without costs. Memorandum: Plaintiff, an employee of third-party defendant, Expert Refrigeration Company, Inc., sustained injuries while performing duct work in a warehouse building owned by defendant, Goodyear Tire & Rubber Company (Goodyear). The ducts ran across the tops of rafters, which were located approximately two to three feet above a drop ceiling. Plaintiff lost his balance and fell three to four feet from a rafter upon which he was standing in order to install a collar on one of the ducts. His right foot went through a ceiling panel and he landed straddling the rafter.

Supreme Court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action and denied that part of the cross motion of Goodyear for summary judgment dismissing that cause of action. The court properly determined that Labor Law § 240 (1) applies because plaintiff was injured when he fell from an elevated work surface and was not furnished with one or more of the enumerated devices "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]; *see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Brown v Niagara Mohawk Power Corp.*, 188 AD2d 1014).

The court properly granted that part of the cross motion of Goodyear for summary judgment dismissing the Labor Law § 241 (6) cause of action. The Industrial Code regulations alleged to have been violated are inapplicable; plaintiff was not using a life net at the time he fell (12 NYCRR 23-1.17), he was not engaged in the construction of a skeleton steel building (12 NYCRR 23-2.4), nor was he using a scaffold (12 NYCRR part 23-5). Further, plaintiff's accident did not involve a fall into a hazardous opening (12 NYCRR 23-1.7 [b] [1]); a faulty safety belt or lack of a safety belt (12 NYCRR 23-1.16 [b], [c]); the collapse of a platform (12 NYCRR 23-1.22 [c]); insufficient lighting (12 NYCRR 23-1.30); or a fall from a roof (12 NYCRR 23-1.24).

All concur except Doerr and Boehm, JJ., who dissent in part and vote to modify in the following Memorandum.

Doerr and Boehm, JJ. (dissenting in part). We agree with the majority that Supreme Court properly dismissed the Labor Law § 241 (6) cause of action. We respectfully dissent, however, from the majority's determination that plaintiff is entitled to recover under Labor Law § 240 (1). Plaintiff's installation of

the collar on flexible duct work on the existing duct work in the warehouse building constitutes an alteration or repair of the structure, which is an enumerated activity under Labor Law § 240 (1) (*see, Savigny v Marrano/Marc Equity Corp.*, 221 AD2d 942; *Kinsler v Lu-Four Assocs.*, 215 AD2d 631, 632; *Carr v Perl Assocs.*, 201 AD2d 296, 297; *Laterra v Rockville Centre Union Free School Dist.*, 186 AD2d 789). Plaintiff's injury did not result from the "special hazards" contemplated by the statute. Those hazards "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" but, rather, "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Plaintiff's injuries were not the result of a fall from a height; rather, plaintiff fell and landed on the same elevated work surface. As the Court of Appeals recently pointed out, "not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240 (1) as to render the owner or contractor liable for an injured worker's damages [citation omitted]" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490, *rearg denied* 87 NY2d 969). Thus, in *Fragoman v Pyramid Cos., Dev. & Mgt.* (213 AD2d 984 [affd without opn]), we affirmed Supreme Court's determination that Labor Law § 240 (1) is not applicable where plaintiff falls from a standing position to a sitting position. In that case, plaintiff was engaged in the construction of the floor of a mall that was 20 feet above a parking garage. Plaintiff was standing on precast concrete panels and straddling rebar rods. The panel on which plaintiff was standing gave way, and he fell three feet to a sitting position on a steel rod, landing on his groin; that is what occurred in this case (*see also, Mitchell v County of Jefferson*, 226 AD2d 1109; *DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069; *Duell v Eastman Kodak Co.*, 224 AD2d 997; *Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067). We would therefore modify the order by denying that part of plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.