■ PETER G. RICE, JR., et al., Appellants-Respondents, v PCM DEVELOPMENT AGENCY COMPANY, Respondent-Appellant, and FISHER DEVELOPMENT, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. A. HANSEN & SONS, INC., Third-Party Defendant-Respondent-Appellant. [646 NYS2d 856] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (DiBlasi, J.), dated October 11, 1995, as denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), (2) PCM Development Agency Company, Fisher Development, Inc., The Gap Corporation, and The Town of Wallkill Industrial Development Agency cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross-motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, (3) Fisher

Development, Inc., further appeals from so much of the order as denied that branch of the cross motion which was for summary judgment in favor of defendant Fisher Development, Inc., against the third-party defendant A. Hansen & Sons, Inc., on the issue of indemnity, and (4) the third-party defendant A. Hansen & Sons, Inc., cross-appeals, as limited by its brief, from so much of the order as granted that branch of the cross motion which was for summary judgment in favor of PCM Development Agency Company, The Gap Corporation, and The Town of Wallkill Industrial Development Agency against it on the issue of indemnity.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which denied that branch of the cross motion which was for summary judgment in favor of the defendant Fisher Development, Inc., against the third-party defendant A. Hansen & Sons, Inc., on the issue of indemnification and substituting therefor a provision granting that branch of the cross motion conditionally in the event that the plaintiffs recover damages from Fisher Development, Inc., and (2) by deleting those provisions of the order which granted that branch of the cross motion which was for summary judgment in favor of the defendants PCM Development Agency Company, The Gap Corporation, and The Town of Wallkill Industrial Development Agency and against the third-party defendant A. Hansen & Sons, Inc., on the issue of indemnification, and substituting therefor a provision granting that branch of the cross motion conditionally in the event that the plaintiffs recover damages from these defendants; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court correctly denied the plaintiffs' motion and the defendants' cross motion for summary judgment in connection with the plaintiffs' cause of action pursuant to Labor Law § 240 (1). Where a plaintiff is injured in a fall from a ladder, which is not otherwise shown to be defective, the issue of whether the ladder provided the plaintiff with the "proper protection" required under this statute is a question of fact for the jury (see, Romano v Hotel Carlyle Owners Corp., 226 AD2d 441; Xirakis v 1115 Fifth Ave. Corp., 226 AD2d 452; Gange v Tilles Inv. Co., 220 AD2d 556; Vessio v Ador Converting & Biasing, 215 AD2d 648; Walsh v Applied Digital Data Sys., 190 AD2d 731).

The Supreme Court correctly granted that branch of the motion of the defendants PCM Development Agency Company, The Gap Corporation, and The Town of Wallkill Industrial

Development Agency which was for summary judgment on the issue of common law indemnity, and correctly granted summary judgment in favor of the defendant The Gap Corporation on the issue of contractual indemnity. There was no evidence that any of these defendants directed or controlled the injured plaintiff's work. Furthermore, the third-party defendant solely directed and controlled the injured plaintiff's work and was the entity which supplied the ladder which was involved in the accident *(see, Gange v Tilles Inv. Co., supra; Lopez v 36-2nd J Corp.,* 211 AD2d 667; *Richardson v Matarese,* 206 AD2d 354). However, the grant of summary judgment in favor of these defendants on the issue of indemnity must be made conditional upon the plaintiffs' recovery against these defendants in the main action *(see, Gange v Tilles Inv. Co., supra; Richardson v Matarese, supra).* Furthermore, the defendant Fisher Development, Inc. (hereinafter Fisher), should have been granted summary judgment in its favor against the third-party defendant on the issue of contractual and common law indemnity, also on condition that the plaintiffs recover against it in the main action. The actions of Fisher's employee at the worksite did not rise to the level of control and supervision over the third-party defendant's work, so as to preclude indemnification *(see, Pazmino v Woodside Dev. Co.,* 212 AD2d 520; *Richardson v Matarese, supra; Curtis v 37th St. Assocs.,* 198 AD2d 62; *see generally, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948; *Tambasco v Norton Co.,* 207 AD2d 618). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.