■ HARRY A. ADAMS, Appellant, v NORTH-STAR CONSTRUCTION COMPANY, INC., et al., Respondents. [672 NYS2d 166] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for personal injuries he sustained while removing anchor plates from the top of an existing masonry wall at Noco Service Station No. 58. Plaintiff was standing on the plywood platform of a scaffold six feet above a cement floor when he heard the plywood "crack" and felt it give way beneath him. His right foot went through the plywood, causing him to lose his balance. Plaintiff quickly tried to "flip back" to prevent himself from falling to the floor below. It is undisputed that there were no guard or safety rails. Plaintiff's body hit the wall, and plaintiff landed on the scaffold. His right foot was caught in the broken plywood until he was able to pry it free. As a result of the accident, plaintiff injured his back and right leg, for which he received workers' compensation benefits.

Plaintiff alleged causes of action for negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) against defendant North-Star Construction Company, Inc. (North-Star), the general contractor, and defendants Noco Energy Corp., Noco Motor Fuels, Inc., and Donald F. Newman, doing business as Noco Motor Fuels (Noco defendants).

Supreme Court properly granted the motion of North-Star for summary judgment dismissing the complaint against it on the ground that plaintiff was its special employee and that the

action is barred by the exclusive remedy provisions of the Workers' Compensation Law. At the time of the accident, plaintiff was a general employee of JDM Services, Inc. (JDM), a temporary agency that had placed him with North-Star. It is undisputed that, when plaintiff came to work each day at the construction site, he reported to North-Star's superintendent, who directed, supervised and controlled plaintiff's work. The work performed by plaintiff was for the benefit of North-Star. JDM had no representative or employee present at the work site and had no right to direct, supervise or control plaintiff's work. North-Star had the power to fire plaintiff and, except for plaintiff's personal tools, provided him with the equipment he used. Thus, plaintiff was a special employee of North-Star as a matter of law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Lesanti v Harmac Indus.*, 175 AD2d 664). The fact that JDM paid plaintiff's wages and that plaintiff received workers' compensation benefits from JDM's insurance carrier is not dispositive (*see, Cameli v Pace Univ.*, 131 AD2d 419, 420).

The court erred, however, in granting defendants' cross motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action and denying plaintiff's cross motion for partial summary judgment on liability against the Noco defendants under that section. In light of our determination that plaintiff was a special employee of North-Star, this issue affects only the Noco defendants. Labor Law § 240 (1) applies to this accident because it was caused by the failure of a scaffold while plaintiff was working at a height, even though plaintiff did not fall to the ground (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Plaintiff was not furnished with one or more of the enumerated devices "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]; *see, Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003; *see generally, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, *rearg denied* 87 NY2d 969). We reject defendants' contention that plaintiff is not entitled to summary judgment because the accident was unwitnessed (*see, Flick v Eastman Kodak Co.*, 222 AD2d 1033; *Marasco v Kaplan*, 177 AD2d 933; *cf., Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980).

Thus, we modify the order by granting plaintiff's cross motion for partial summary judgment against the Noco defendants on the Labor Law § 240 (1) cause of action and by denying defendants' cross motion for partial summary judgment dismissing that cause of action.

All concur except Boehm, J., who concurs in the result in the following Memorandum.

Boehm, J. (concurring). I concur in the result. However, with respect to our determination that Supreme Court erred in granting defendants' cross motion dismissing the Labor Law § 240 (1) cause of action and denying plaintiff's cross motion for partial summary judgment on that cause of action, I concur under constraint of *Bennion v Goodyear Tire & Rubber Co.* (229 AD2d 1003). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.