■ WILLIAM A. DAVIS et al., Respondents, v ANDREW "ANDY" BUTLER, Doing Business as ANDY BUTLER CONTRACT-ING and Others, Appellant, et al., Defendants. [691 NYS2d 845] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant-appellant dismissed. Memorandum: Supreme Court erred in denying the motion of Andrew "Andy" Butler (defendant), the general contractor, for summary judgment dismissing the complaint against it. William A. Davis (plaintiff) was a special employee of defendant as a matter of law, and thus plaintiff's action is barred by the exclusive remedy provisions of the Workers'

Compensation Law (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557; *Adams v North-Star Constr. Co.,* 249 AD2d 1001, 1001-1002). The record establishes that, at the time of the accident, plaintiff was a general employee of Livingston Services, Inc. (Livingston), an employee leasing firm, which assigned plaintiff to work for defendant. The record further establishes that Livingston surrendered complete control and supervision over plaintiff's work to defendant and that defendant directed plaintiff to the worksite, directed and supervised plaintiff's work activities and provided plaintiff with all his tools and equipment for the job. The fact that Livingston paid plaintiff's wages and plaintiff received workers' compensation benefits from Livingston's insurance carrier is not dispositive (*see, Adams v North-Star Constr. Co., supra,* at 1002). We reject the contention of plaintiff that the employee handbook provided to him by Livingston raises a triable issue of fact whether Livingston surrendered "complete control" over plaintiff to defendant. Thus, we conclude that plaintiff was a special employee of defendant as a matter of law and the acceptance by plaintiff of workers' compensation benefits as an employee of his general employer precludes him from bringing this Labor Law action against defendant (*see, Richmond v BMC Indus.,* 226 AD2d 1063, 1064). (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.