■ THOMAS MURPHY et al., Appellants-Respondents, v LONG ISLAND RAILROAD, Defendant and Third-Party Plaintiff-Respondent, FERRAN BROS., INC., et al., Respondents, et al., Defendants. UNIREC, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [711 NYS2d 18] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of (a) an order of the Supreme Court, Queens County (Golia, J.), dated April 12, 1999, as granted those branches of the respective cross motions of the defendant Long Island Railroad and the defendants Ferran Bros., Inc., and James McCullagh Co., Inc./Ferran Brothers, Inc., which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law §§ 200 and 241 (6) insofar as asserted against them, and (b) an order of the same court, dated October 7, 1999, as, upon reargument, adhered to so much of the original determination as granted those branches of the respective cross motion of those defendants which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law §§ 200 and 241 (6) insofar as asserted against them, and (2) the third-party defendant Unirec, Inc., cross-appeals from so much of the order dated April 12, 1999, as, in effect, granted that branch of the respective cross motions of the defendant Long Island Railroad and the defendants Ferran Bros., Inc., and James McCullagh Co., Inc./Ferran Brothers, Inc., which were for summary judgment on the issue of common-law indemnification against it. .

Ordered that the appeal from the order dated April 12, 1999, is dismissed, as the portion of that order which was appealed from was superseded by the order dated October 7, 1999, made upon reargument; and it is further,

Ordered that the order dated April 12, 1999, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated October 7, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Ferran Bros., Inc., and James McCullagh Co., Inc./Ferran Brothers, Inc., are awarded one bill

of costs payable by the appellants-respondents and the respondent-appellant.

The defendant Long Island Railroad and the defendants Ferran Bros., Inc., and James McCullagh Co., Inc./Ferran Brothers, Inc. (hereinafter the respondents), made a prima facie showing of entitlement to judgment as a matter of law. In support of those branches of their respective cross motions which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 200 insofar as asserted against them, the respondents met their respective burdens by demonstrating that they did not actually exercise control or supervision over the injured plaintiff's work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). As the plaintiffs failed to raise an issue of fact in response, the Supreme Court appropriately granted those branches of the cross motions (*see, e.g., Gonzales v United Parcel Serv.,* 249 AD2d 210; *Enderlin v Herbert Indus. Insulation,* 224 AD2d 1020).

Contrary to the plaintiffs' contention, the provisions of the Industrial Code cited in their opposition to the cross motion for summary judgment and in their motion for reargument do not apply to this case. Accordingly, the Supreme Court correctly granted those branches of the respondents' respective cross motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them (*see, e.g., Gielow v Coplon Home,* 251 AD2d 970; *Bennion v Goodyear Tire & Rubber Co.,* 229 AD2d 1003).

Moreover, since there is no issue of fact as to whether the respondents controlled or supervised the injured plaintiff's work, the Supreme Court correctly granted those branches of the respondents' respective cross motions which were for summary judgment on the issue of common-law indemnification against Unirec, Inc. (*see, Rice v PCM Dev. Agency Co.,* 230 AD2d 898). Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.