■ MICHAEL J. RUCCI, Respondent, v COOPER INDUSTRIES, INC., Defendant, and LEHIGH CONSTRUCTION GROUP, INC.,

Appellant. [752 NYS2d 484] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered April 5, 2002, which denied the motion of defendant Lehigh Construction Group, Inc. seeking summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claims against defendant Lehigh Construction Group, Inc. are dismissed.

Memorandum: Supreme Court erred in denying the motion of Lehigh Construction Group, Inc. (defendant) seeking summary judgment dismissing the complaint and cross claims against it. Defendant established its entitlement to judgment as a matter of law by establishing that plaintiff was a special employee of defendant and thus that his action against defendant is barred by the exclusive remedy provision of the Workers' Compensation Law, and plaintiff failed to raise an issue of fact. Plaintiff was employed by Priority Staffing Services Inc. (Priority), a temporary employment agency, and he agreed to work as a carpenter and laborer on defendant's job site. Defendant established that it exercised "complete and exclusive control over the manner, details and ultimate results of plaintiff's work" (*Leone v Miller Hardwood Co.*, 254 AD2d 734, 734). Defendant further established that Priority was not present at the job site and had no right to direct, supervise or control plaintiff's work (*see Adams v North-Star Constr. Co.*, 249 AD2d 1001, 1002; *cf. Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972; *Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 913-914). With the exception of plaintiff's personal hand tools and the hard hat, gloves, goggles and rubber boots provided by Priority, defendant provided the tools and equipment required for plaintiff to perform his duties (*see Davis v Butler*, 262 AD2d 1039, 1040; *Adams*, 249 AD2d at 1002). Furthermore, defendant had the authority to fire plaintiff with respect to his employment at its job site (*see Adams*, 249 AD2d at 1002). Plaintiff admitted at his deposition that he was free to accept or reject an assignment given by Priority, and we therefore reject his contention that Priority had the authority to direct him to report to other locations (*cf. Short*, 280 AD2d 972). The conclusory assertions of plaintiff that defendant could not assign him to another job site without the approval of Priority and that he did not consent to be a special employee are insufficient to raise an issue of fact to defeat defendant's motion. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.