DOUGLASS BAILEY, Respondent, v SCOTT GANTTER, Appellant. [778 NYS2d 637]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered April 1, 2003 in an action to recover damages for personal injuries. The order denied defendant's motion seeking leave to amend the answer and seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of defendant's motion seeking leave to amend the answer and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained in a construction accident. His employer, Marinich Builders (Marinich), had contracted to build an addition on a home and had assigned plaintiff to work with defendant, who had fallen behind on the work he had been hired to perform under an alleged subcontract with Marinich.

Supreme Court erred in denying that part of defendant's motion seeking leave to amend the answer to assert as an affirmative defense that plaintiff was a special employee of defendant at the time of plaintiff's accident, and thus we modify the order accordingly. Plaintiff failed "to establish prejudice accruing to him as a consequence of defendant's failure to timely assert the defense, and to include a showing that the prejudice could have

been avoided if the defense had been timely asserted" (*Caceras v Zorbas,* 74 NY2d 884, 885 [1989]).

However, the court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint based on that defense, because plaintiff raised an issue of fact whether he was defendant's special employee. In opposing that part of defendant's motion, plaintiff asserted that he set up his own work schedule, primarily used his own tools, and answered directly to Marinich, which paid his salary. Also, the work plaintiff was performing was in furtherance of both Marinich's contract with the homeowners and subcontract with defendant. Thus, there is an issue of fact whether Marinich "surrendered complete control and supervision over plaintiff's work to defendant" (*Davis v Butler,* 262 AD2d 1039, 1040 [1999]). Present— Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.