Ferguson v National Gypsum Servs. Co. (2019 NY Slip Op 00709)





Ferguson v National Gypsum Servs. Co.


2019 NY Slip Op 00709


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


18 CA 18-01471

[*1]DAVE FERGUSON, PLAINTIFF-RESPONDENT,
v
NATIONAL GYPSUM SERVICES COMPANY, DEFENDANT-APPELLANT. 






PHILLIPS LYTLE LLP, BUFFALO (DANIEL R. MAGUIRE OF COUNSEL), FOR DEFENDANT-APPELLANT.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered June 29, 2018. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff, an employee of nonparty Remedy Intelligent Staffing, LLC (Remedy), commenced this action seeking damages for injuries he allegedly sustained while working at defendant's facility. We agree with defendant that Supreme Court erred in denying its motion seeking summary judgment dismissing the complaint. Defendant met its initial burden on the motion by establishing that plaintiff was a special employee of defendant and thus that his action against defendant is barred by the exclusive remedy provision of the Workers' Compensation Law. It is well settled that "a general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (Thompson v Grumman Aerospace Corp. , 78 NY2d 553, 557 [1991]). "[A] person's categorization as a special employee is usually a question of fact"; however, a "determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (id. at 557-558). Here, defendant demonstrated that it exercised "complete and exclusive control over the manner, details and ultimate results of plaintiff's work" (Leone v Miller Hardwood Co. , 254 AD2d 734, 734 [4th Dept 1998]; see Lesanti v Harmac Indus. , 175 AD2d 664, 664-665 [4th Dept 1991]); that Remedy "was not present at the job site and had no right to direct, supervise or control plaintiff's work" (Rucci v Cooper Indus. , 300 AD2d 1078, 1079 [4th Dept 2002]); that defendant provided plaintiff with all the training and materials necessary for plaintiff to perform his job (see id .); and that defendant "had the authority to fire plaintiff with respect to his employment at its job site" (id .). Plaintiff failed to raise a triable issue of fact in opposition to the motion (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court