Santos v State of New York (2019 NY Slip Op 01479)





Santos v State of New York


2019 NY Slip Op 01479


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

527044

[*1]AGNALDO DOS SANTOS, Respondent,
v
STATE OF NEW YORK, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Goldberg Segalla LLP, Buffalo (Jonathan M. Bernstein of counsel), for appellant.
Law Offices of Lawrence Biondi, Garden City (Lisa M. Comeau of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from an order of the Court of Claims (Collins, J.), entered May 1, 2018, which granted, among other things, claimant's motion for partial summary judgment, and (2) from the judgment entered thereon.
In November 2015, claimant was injured in the course of his employment with P.S. Bruckel, Inc. (hereinafter Bruckel) when he was working on a deck that was temporarily suspended under the upper deck of a bridge owned by defendant. Claimant was sandblasting the metal structure of the bridge to prepare it for repainting when he sustained a fractured ankle after his right foot backed into an opening in the temporary deck, causing his leg to fall below the surface to the middle of his thigh. The opening measured approximately 1 foot by 12 feet and was partially covered by a board. Claimant commenced this action asserting, as relevant here, a cause of action pursuant to Labor Law § 240 (1). Following completion of discovery, defendant moved for summary judgment dismissing the claim, and claimant moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). The Court of Claims denied defendant's motion, granted plaintiff's motion and ordered a trial on the issue of damages. Defendant appeals.
"Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices — such as scaffolding, ladders or hangers — to afford proper protection against elevation-related hazards, and the failure to do so will result in liability for any injuries that are proximately caused by such failure" (Fabiano v State of New York, 123 AD3d 1262, 1263 [2014] [citations omitted], lv dismissed 25 NY3d 957 [2015]). Notably, the extraordinary protections of the statute apply only to special hazards that arise from elevation-related risks and, therefore, "[l]iability may . . . be imposed under the statute only where the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015] [internal quotation marks and citation omitted]).
It is undisputed that claimant was injured while working at an elevation to sandblast the upper level of the bridge when he fell through an opening in the metal decking that had been temporarily suspended from the bridge solely for the purpose of enabling completion of the repainting project. The opening presented an elevation-related risk, rather than a usual and ordinary danger of working on a construction site, because it was of sufficient size that claimant could have fallen entirely through to a lower level; therefore, Labor Law § 240 (1) applies to this accident because it was caused by a failure of the suspended metal deck — which was functioning as a scaffold — to provide adequate protection, even though claimant did not fall entirely through the opening (see O'Connor v Lincoln Metrocenter Partners, 266 AD2d 60, 61 [1999]; Adams v North-Star Constr. Co., 249 AD2d 1001, 1002 [1998]; Carpio v Tishman Constr. Corp. of N.Y., 240 AD2d 234, 235-236 [1997]; Bennion v Goodyear Tire & Rubber Co., 229 AD2d 1003, 1003 [1996]; Robertti v Powers Chang, 227 AD2d 542, 543 [1996], lv dismissed 88 NY2d 1064 [1996]; cf. Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d 1222, 1222 [2018]; Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983 [2016]; Avila v Plaza Constr. Corp., 73 AD3d 670, 671 [2010]; D'Egidio v Frontier Ins. Co., 270 AD2d 763 [2000], lv denied 95 NY2d 765 [2000]). Thus, claimant made a prima facie showing that defendant violated Labor Law § 240 (1) by failing to provide him with adequate safety devices, thereby shifting the burden to defendant to show the existence of a question of fact regarding liability (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]).
In that regard, defendant asserts that there is a triable issue of fact regarding whether claimant was the sole proximate cause of the accident due to his failure to cover the hole before beginning work. A worker is the sole proximate cause of his or her injuries "when the safety devices that [the worker] alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and [the worker] knew [that] he [or she] was expected to use them but for no good reason chose not to do so, causing an accident" (id.). Claimant asserts that the opening should have been covered with a board and denied that there were boards available on the work site for that purpose. Claimant's coworker testified that there were boards available. Although there may be an issue of fact regarding the availability of boards, there is no evidence in the record that claimant received any instruction or directive that would establish that he knew that he was responsible for either covering any openings, or requesting that they be covered by coworkers, before beginning work (see id.). Accordingly, we conclude that the Court of Claims properly determined that claimant was not the sole proximate cause of the accident and, therefore, that claimant was entitled to partial summary judgment establishing defendant's liability pursuant to Labor Law § 240 (1).
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order and judgment are affirmed, with costs.