■ CHRISTINA MASTRO, Appellant, v STEVEN A. MASTRO, Respondent.—In an action to recover damages for assault, battery and conversion, plaintiff appeals from an order of the Supreme Court, Westchester County (Stolarik, J.), dated November 8, 1984, which denied her motion for summary judgment pursuant to CPLR 3212, and which, in effect, extended the defendant's time to file a note of issue for a hearing on the branch of his prior motion which was to dismiss the action for lack of jurisdiction over his person, which hearing had been directed by order of the same court (Burchell, J.), dated May 3, 1984.

Order affirmed, with costs.

Upon a review of the record, we conclude that Special Term did not act improperly in denying plaintiff's motion for summary judgment and in extending defendant's time to file a note of issue for a traverse hearing. In the first instance, plaintiff's motion papers were inadequate in that they did not include an affidavit of a party with personal knowledge of the underlying facts of the action (CPLR 3212 [b]). The supporting affirmation by plaintiff's counsel was insufficient as he did not have personal knowledge of the alleged assault and battery by defendant upon plaintiff (*see, Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552). In addition, it appears that defendant's failure to comply with the prior order of Justice Burchell, dated May 3, 1984, directing that a traverse hearing be held on that branch of defendant's motion which was to dismiss the action for lack of personal jurisdiction, was due to an oversight and inadvertence by counsel. Based on the facts of this case, Special Term did not abuse its discretion in extending the time within which a traverse hearing could be held. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.