■ CORINE LIVERPOOL, as Administratrix of the Estate of KEITH LIVERPOOL, Deceased, Appellant, v S.P.M. ENVIRONMENTAL INC. et al., Respondents and Third-Party Plaintiffs-Respondents. SPARTA METAL PRODUCTS, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered August 30, 1991, which, *inter alia*, denied plaintiff's motion for summary judgment on the issue of liability against defendants pursuant to Labor Law § 240 (1), unanimously reversed to the extent appealed from, on the law, without costs, and the motion is granted. Appeal from an order of the same court and Justice, entered on or about December 19, 1991, which denied plaintiff's motion for renewal, dismissed as academic in view of reversal herein of the

August 30, 1991 order. The Clerk is directed to enter judgment in favor of plaintiff on the issue of liability.

Plaintiff's decedent, Keith Liverpool, died as a consequence of injuries sustained when unsecured bar joists that he had been sitting on at a construction site gave way and rolled, sending him on a 15-foot plunge, and resulted in his being buried under layers of heavy metal roof decking which came loose and fell on him. Plaintiff moved for summary judgment on the issue of liability against defendant S.P.M. Environmental Inc., the general contractor and tenant of the property undergoing construction, and defendant Provech Realty Co., the owner of the property, based upon Labor Law § 240 (1), which provides as here pertinent that "All contractors and owners * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The defendants submitted no evidence in admissible form which raised any issue of fact as to the cause of the accident, or the absence of harnesses, safety belts, scaffolds or safety nets placed and operated so as to give proper protection to the decedent *(Mastro v Mastro,* 112 AD2d 203). Even assuming that the unsworn statements were in proper evidentiary form, they were insufficient to present a genuine factual issue for trial, but rather raised at most a question of decedent's comparative negligence, which is irrelevant to the absolute liability imposed on owners and contractors by the statute *(Public Adm'r of Bronx County v Trump Vil. Constr. Corp.,* 177 AD2d 258; *Wieszchowski v Skidmore Coll.,* 147 AD2d 822). Even if a safety belt was available to decedent but was not used by him, "[a]n owner's statutory duty is not met merely by providing safety instructions or by making other safety devices available, but by furnishing, placing and operating such devices so as to give proper protection" *(Gordon v Eastern Ry. Supply,* 181 AD2d 990, 991).

Nor do we find any genuine issue of fact presented by the submissions of third-party defendant Sparta Metal Products, Inc., the structural steel contractor, in support of its contention that decedent was not Sparta's employee, but rather an independent contractor. Peter Simon, Sparta's president, referred to decedent as Sparta's "employee" in a signed statement concerning the accident, and in a letter of recommenda-

tion setting forth the date decedent was "hired" by Sparta as an iron worker supervisor who "has a permanent position with the firm, and earns $18.50 per hour." The Workers' Compensation Board also found that decedent was Sparta's employee, although we recognize that this finding is not binding on defendants S.P.M. and Provech because they had no notice of, or opportunity to participate in proceedings before the Board concerning decedent's status (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485). In any event, "the courts have superimposed [upon the traditional control test] an awareness that the term 'employee', when used in social and labor legislation, must be interpreted in light of the remedial purposes of the law." (Commissioners of State Ins. Fund v Kaplan, 89 Misc 2d 610, 614.) "The court will not permit defendant, under the guise of 'selling work', to insulate himself against the costs and bookkeeping inconvenience of work[ers'] compensation and other social benefits designed for the benefit of employees." (Supra, at 616.)

Similarly here, Sparta's failure to deduct withholding taxes from decedent's wages or to contribute to his Social Security, and Sparta's issuance of a tax form 1099, are insufficient to raise a factual issue as to whether decedent was "employed" in the repairing or altering of the subject building within the meaning of Labor Law § 240 (1). The Court of Appeals recently stated in Lombardi v Stout (80 NY2d 290, 296): "Section 240 is intended to place the ultimate responsibility for building practices on the owner and general contractor in order to protect the workers who are required to be there but who are scarcely in a position to protect themselves from accidents. The statute is to be construed ' "as liberally as may be" ' to achieve this purpose (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521, supra [quoting Quigley v Thatcher, 207 NY 66, 68])." Although the parties to this appeal, and the Supreme Court, have assumed that decedent's possible status as an independent contractor would have determinative legal significance with regard to the applicability of the statute, such is not the case (see, Koenig v Patrick Constr. Corp., 298 NY 313). Concur—Carro, J. P., Ellerin, Asch and Rubin, JJ.