MATTHEW J. ZIMMERMAN, Respondent, v DONALD W. WEIG, Appellant. [773 NYS2d 664]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered December 10, 2002. The order, insofar as appealed from, granted plaintiff's motion for partial summary judgment in part in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of defendant, Supreme Court properly granted plaintiff's motion insofar as it sought partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Plaintiff established that he was an "employee" who was "employed" on the project (*see* Labor Law § 2 [5], [7]; *see also Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]; *Vernum v Zilka*, 241 AD2d 885, 886-887 [1997]; *see generally Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]), and defendant failed to raise a triable issue of fact whether plaintiff was working only as a volunteer. The absence of documentation establishing the employment relationship is "insufficient to raise a factual issue as to whether [plaintiff] was 'employed' . . . within the meaning of Labor Law § 240 (1)" (*Liverpool v S.P.M. Envtl.*, 189 AD2d 645, 647 [1993]). Defendant's unsubstantiated allegations and conclusions lack evidentiary support in the record and thus are insufficient to defeat the motion with respect to liability on the section 240 (1) cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.