■ Steven R. Majewicz et al., Appellants, v Frank A. Malecki, Jr., et al., Defendants, and Black Rock Roofing & Siding Co., Inc., Respondent. [780 NYS2d 455]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered July 14, 2003 in an action to recover damages for personal injuries. The order granted the motion of defendant Black Rock Roofing & Siding Co., Inc. for summary judgment dismissing the complaint against it and denied the cross motion of plaintiffs for partial summary judgment on liability on the Labor Law § 240 (1) cause of action against defendant Black Rock Roofing & Siding Co., Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and Labor Law action seeking damages for injuries sustained by Steven R. Majewicz (plaintiff), an employee of a temporary work agency, Expert Personnel, Inc. (Expert), when he fell through a roof of a single-family residence. The homeowners contracted with defendant Black Rock Roofing & Siding Co., Inc. (Black Rock) to perform the work, and Black Rock subcontracted with Expert to supply labor. Black Rock moved for summary judgment dismissing the complaint against it on the ground that plaintiff was its "special employee" and that plaintiffs' action against Black Rock therefore is barred by the exclusive remedy provisions of the Workers' Compensation Law. We conclude that Supreme Court properly granted Black Rock's motion.

"Many factors are weighed in deciding whether a special employment relationship exists, and generally no one is decisive . . . While not determinative, a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558 [1991]; *see also Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 913 [1998]). According to the deposition testimony of plaintiff, he received the particulars of the work from a Black Rock employee, no representative of Expert instructed him with respect thereto, and no other Expert personnel were on the job site. Moreover, the work performed by plaintiff was for the benefit of Black Rock and, with the exception of plaintiff's personal tools, Black Rock provided the equipment and materials used for the work (*see Adams v North-Star Constr. Co.*, 249 AD2d 1001, 1002 [1998]). Furthermore, plaintiff was not involved in specialized work, and thus it cannot be said that Expert "was providing the services of a specialist and retained an element of control" (*Oden v Chemung County Indus. Dev. Agency*, 183 AD2d 998, 999 [1992]). Finally, we note that, although Expert paid plaintiff's wages and plaintiff received workers' compensation benefits from Expert's insurance carrier, those facts do not preclude a finding of special employee status as a matter of law (*see Adams*, 249 AD2d at 1002). We therefore affirm the order. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.