■ HERIBERTO SUAREZ, Respondent, v THE FOOD EMPORIUM, INC., et al., Appellants. [792 NYS2d 384]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered August 12, 2004, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was employed full time as a "job coach" by Casita Unida Clubhouse, a community job placement agency, which obtains employment opportunities for people with drug and alcohol abuse problems. As part of his responsibilities, plaintiff trained such "transitional employees" for about a week or more for employment positions secured through the placement program. After the training period ended, plaintiff would regularly check on the transitional employees at their work assignment. Plaintiff was also required to fill in for the transitional employees as Casita Unida guaranteed coverage on all placements during their absences. Casita Unida issued plaintiff's paychecks.

When one of the transitional employees whom he was train-

ing to work in the deli department at defendant Food Emporium did not return to work, plaintiff filled in for her. Plaintiff assumed her duties and schedule for the next couple of weeks and had worked about nine days prior to the date he slipped and fell on the wet floor behind the deli counter. Plaintiff filed for and received benefits pursuant to the Workers' Compensation Law. In addition, plaintiff commenced this action for personal injuries he sustained in the fall. Defendants asserted affirmatively that the action was barred by workers' compensation on the ground that plaintiff was a special employee of Food Emporium. After joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding triable issues of fact. We reverse.

While the determination of an employee's status is usually a question of fact (*see e.g. Stone v Bigley Bros.*, 309 NY 132 [1955]; *Irwin v Klein*, 271 NY 477 [1936]), the Court of Appeals has held that "the determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]; *see also Fallone v Misericordia Hosp.*, 23 AD2d 222 [1965], *affd* 17 NY2d 648 [1966]). Among the various factors considered in determining special employment status, of which no single factor is determinative, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson*, 78 NY2d at 558). Here, by plaintiff's own admission, either the deli manager or the chef of Food Emporium directed him to report to work on a particular day and the deli manager gave him orders. In light of plaintiff's admission and the legal significance of control and direction, the store manager's opinion that plaintiff did not work for Food Emporium does not raise a triable issue of fact as to his status. Indeed, the store manager's testimony did not in any way contradict plaintiff's admission that the deli manager or chef directed his daily work.

This is a claim for damages for Food Emporium's negligence in failing to provide a safe place for plaintiff to perform work in furtherance of its corporate mission. Plaintiff's entire, undisputed work environment—his tasks, his schedule, his position in the store's day-to-day hierarchy—when all viewed together, demonstrates as a matter of law that Food Emporium's responsibility for plaintiff's safety is, and can be, no different from its responsibility for the safety of all its employees. There is no reason, based on such uncontested circumstances, to give

this special employee—whose daily work life is so integrated with Food Emporium's business activities, its mission, its other employees, and its responsibilities—any greater rights to sue Food Emporium than all those other employees who equally work under its control. In our view, the significantly similar roles of plaintiff and the other store employees should shape their legal status to assert their rights.

Since plaintiff's opposition failed to raise a triable issue of fact to support his claim that he was not a special employee of Food Emporium, Supreme Court should have granted defendants' motion to dismiss the complaint. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.