Donna M. Cobb, Respondent, v AMF Bowling Products, Inc., Appellant, and Ermanco, Inc., et al., Respondents. [796 NYS2d 277]—

Appeal from an amended order of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered October 1, 2004. The amended order, insofar as appealed from, denied the motion of defendant AMF Bowling Products, Inc. for summary judgment dismissing the complaint and all cross claims against it.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant AMF Bowling Products, Inc. (AMF) seeking summary judgment dismissing the complaint and all cross claims against it. AMF alleged that, at the time of her injury, plaintiff was a special employee of AMF and thus her exclusive remedy is under the Workers' Compensation Law. A person's status as a special employee may be determined as a matter of law "[o]nly

where the undisputed facts establish surrender of complete control by the general employer and assumption of control by the special employer" (*Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 972 [2001], citing *Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 913 [1998]). In opposition to AMF's motion, plaintiff submitted an affidavit raising a triable issue of fact whether AMF had complete control over her work or whether her general employer, Manpower, Inc., retained some control. Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.