■ JAMES BOUNDS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 106890.) [809 NYS2d 314]—

Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), in favor of plaintiff entered April 27, 2004. The interlocutory judgment was entered upon an order of that court which, inter alia, granted claimant's motion for partial summary judgment on liability.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion and as modified the judgment is affirmed without costs.

Memorandum: Claimant was injured when he fell while working on scaffolding in a garage at Cayuga Lake State Park. At the time, claimant was a public assistance recipient and was participating in the Work Experience Program (WEP) of the Seneca County Department of Social Services. After receiving workers' compensation benefits from Seneca County, claimant commenced this action against defendant, State of New York, asserting a single cause of action pursuant to Labor Law § 240 (1). We conclude that the Court of Claims erred in granting claimant's motion for partial summary judgment on liability and properly denied defendant's cross motion for summary judgment dismissing the claim, and we therefore modify the judgment accordingly.

We agree with the court that claimant "established that he was an 'employee' [of the County] who was 'employed' on the project" (*Zimmerman v Weig*, 5 AD3d 1084, 1085 [2004]; *see* Labor Law § 2 [5], [7]). Contrary to defendant's contention, the fact that there was no formal written agreement between the County and defendant for the work to be performed by WEP participants does not raise a triable issue of fact with respect to the issue of claimant's status as an employee of the County (*see generally Daniello v Holy Name Church*, 286 AD2d 268 [2001]).

We conclude, however, that there is an issue of fact whether claimant was a special employee of defendant and thus whether his claim is barred by the exclusive remedy provisions of the Workers' Compensation Law, requiring the denial of both the motion and the cross motion (*see generally Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 555 [1991]). A special employee is "one who is transferred for a limited time of whatever duration to the service of another" (*id.* at 557; *see Goss v State Univ. Constr. Fund*, 261 AD2d 860, 861-862 [1999]). "A person's categorization as a special employee is usually a question of fact

that should not be resolved on a motion for summary judgment" (*Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 913 [1998]; *see Cobb v AMF Bowling Prods., Inc.*, 19 AD3d 1162 [2005]). Although claimant submitted evidence that WEP participants were under the supervision of the County, defendant submitted evidence that claimant was directly supervised by an employee of defendant and that employees of defendant directed and controlled the manner of claimant's work. Thus, claimant's status as a special employee cannot be determined as a matter of law on the record before us (*see Cobb*, 19 AD3d at 1162-1163).

In light of our determination herein, we need not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.