■ STEPHANIE EVANS, Respondent, v P.C.I. PAPER CONVERSIONS, INC., Appellant, et al., Defendants. [822 NYS2d 348]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 28, 2005 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant P.C.I. Paper Conversions, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence and products liability action to recover for injuries sustained when her hand was caught in an offset machine she was operating at the plant of defendant P.C.I. Paper Conversions, Inc. (PCI). Plaintiff had been placed in the employ of PCI by her general employer, Contemporary Personnel Staffing, Inc. (CPS). On appeal from an order denying that part of its motion for summary judgment dismissing the complaint on the ground that plaintiff was its special employee and that plaintiff's action against it is thus barred pursuant to Workers' Compensation Law §§ 11 and 29, PCI contends that Supreme Court erred in concluding that there is a triable issue of fact whether plaintiff was a special employee of PCI (*see generally Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). We disagree, and affirm. Although PCI established that it exercised complete control over "the manner, details and ultimate result of [plaintiff's] work"

(*id.* at 558; *see Majewicz v Malecki*, 9 AD3d 860, 861 [2004]; *Davis v Butler*, 262 AD2d 1039 [1999]), on this record there is a triable issue of fact whether an agreement or understanding between CPS and PCI restricted PCI from employing plaintiff as an offset machine operator, and thus whether CPS surrendered control over plaintiff's work to PCI with respect to the task plaintiff was performing at the time of her injury (*cf. Thompson*, 78 NY2d at 559; *see generally O'Brien v Garden Way Mfg.*, 72 AD2d 860, 860-861 [1979]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.