David J. FORJAN, Plaintiff–Appellant,

v.

LEPRINO FOODS, INC.,
Defendant–Appellee.

No. 06–0428–CV.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2006.

David J. Forjan, pro se.

James R. Carroll, Jr., Carroll & Carroll, P.C., Athens, PA, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant David J. Forjan appeals from the December 28, 2005 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting the Appellee–Defendant's motion for summary judgment.

We assume the parties' familiarity with the underlying facts, procedural history, and the issues presented for review.

In brief, Forjan alleges that while working at Leprino's cheese manufacturing plant in Waverly, New York, his respiratory system was injured by an emission of chlorine gas caused by Leprino's negligence in maintaining its machinery.

Summary judgment is appropriately granted where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court reviews the grant of summary judgment *de novo*. *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir.2006).

Leprino moved for summary judgment on the ground that the no-fault remedy afforded by the New York Workers' Compensation Law ("NYWCL") is "exclusive and in place of any other liability whatsoever" for employees injured in the workplace. N.Y. Workers' Comp. Law § 11. The district court granted the motion.

Forjan argues that he was actually employed not by Leprino, but by a staffing agency called Adecco, which paid him his wages and supplied workers' compensation insurance. However, "a general employee

of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits." *Thompson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553, 557, 578 N.Y.S.2d 106, 585 N.E.2d 355 (N.Y.1991). "The factors to be considered in determining whether a special employment relationship exists include the right to control the employee's work, the method of payment, the furnishing of equipment, the right to discharge the employee, and the relative nature of the work." *Navarrete v. A & V Pasta Prods., Inc.*, 32 A.D.3d 1003, 821 N.Y.S.2d 268, 269 (N.Y.App. Div.2d Dep't 2006). Among these considerations, a "significant and weighty" factor is "who controls and directs the manner, details and ultimate result of the employee's work." *Thompson*, 78 N.Y.2d at 558, 578 N.Y.S.2d 106, 585 N.E.2d 355. While special employee status is an issue of fact, summary judgment is appropriate where "undisputed facts" establish that the general employer retained no control over the employee. *Id.*

■ The undisputed facts show that Forjan was a special employee of Leprino because it had the sole right to control, direct, and supervise his work at the cheese plant. The fact that he was paid through the Adecco staffing agency is not dispositive, as temporary employees are frequently held to be special employees. *See, e.g., Suarez v. Food Emporium, Inc.*, 16 A.D.3d 152, 792 N.Y.S.2d 384 (N.Y.App. Div. 1st Dep't 2005); *Majewicz v. Malecki*, 9 A.D.3d 860, 780 N.Y.S.2d 455 (N.Y.App. Div. 4th Dep't 2004); *Williams v. General Elec. Co.*, 8 A.D.3d 866, 779 N.Y.S.2d 155 (N.Y.App. Div.3d Dep't 2004).

■ Forjan invokes the intentional tort exception to the exclusivity of the NYWCL, contending Leprino intentionally ignored his injury and failed to warn him of the danger posed by exposure to chlorine. Where an injury arises from an intentional tort perpetrated by the employer or at the employer's direction, the NYWCL does not provide an exclusive remedy. *See Martinez v. Canteen Vending Servs. Roux Fine Dining Chartwheel*, 18 A.D.3d 274, 795 N.Y.S.2d 16, 17–18 (N.Y.App. Div. 1st Dep't 2005). While Forjan's briefs here and in the district court alleged that Leprino's inaction was intentional, his complaint alleged only negligence. In any event, the allegation that an employer failed to warn of dangers in the workplace does not sound in intentional tort. *See Acevedo v. Consol. Edison Co. of New York, Inc.*, 189 A.D.2d 497, 596 N.Y.S.2d 68 (N.Y.App. Div. 1st Dep't 1993) (exception did not apply where employer had sent workers to clean up after an explosion without warning them of toxic asbestos); *Briggs v. Pymm Thermometer Corp.*, 147 A.D.2d 433, 537 N.Y.S.2d 553 (N.Y.App. Div.2d Dep't 1989) (exception did not apply where employer concealed and/or misrepresented the risk of toxic exposure to mercury, cleaning fluids and solvents).

■ Forjan asserts that the district court's grant of summary judgment without oral argument violated due process. "[A] district court's decision whether to permit oral argument rests within its discretion." *AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir.1999) (per curiam). There is no absolute due process right to an oral hearing. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998) (per curiam). Forjan was given a meaningful chance to present his case and an opportunity to address in writing the factual and legal issues raised by Leprino's summary judgment motion. The district court's decision

to forego oral argument was an appropriate exercise of discretion.

We have considered all of Forjan's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**