DEBORAH A. LEE et al., Respondents, v SERVICEMASTER COMPANY et al., Appellants. [829 NYS2d 788]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 29, 2005 in a personal injury action. The order denied the motion of defendant, Aramark-ServiceMaster Facilities Services, Inc., incorrectly sued as ServiceMaster Company and ServiceMaster Management Services Corporation, for summary judgment dismissing the amended complaint and granted plaintiffs' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and reinstating the seventh and eighth affirmative defenses and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries Deborah A. Lee (plaintiff) sustained while moving furniture in a dorm room at Canisius College (College). Defendant, Aramark-ServiceMaster Facilities Services, Inc., incorrectly sued as ServiceMaster Company and ServiceMaster Management Services Corporation, had contracted with the College "to perform the managing function of support services" for the College. Pursuant to that contract defendant was required to "train, manage and direct all support service employees of the COLLEGE in the performance of their respective duties, subject always to the control retained by the COLLEGE as employer of said employees." In the amended complaint, plaintiffs allege that defendant was negligent in, inter alia, failing "to properly instruct" plaintiff, failing to provide a safe place to work, and failing to advise plaintiff about the dangerous conditions of her work. Defendant generally denied the allegations of the amended complaint and asserted affirmative defenses. The seventh affirmative defense asserts that the amended complaint is barred by Workers' Compensation Law §§ 11 and 29 (6), and the eighth affirmative defense asserts that the amended complaint is barred because plaintiff was a special employee of defendant.

Defendant moved for summary judgment dismissing the amended complaint, and plaintiffs cross-moved for partial summary judgment striking the seventh and eighth affirmative defenses. We conclude that Supreme Court properly denied defendant's motion but erred in granting plaintiffs' cross motion, and we therefore modify the order accordingly.

The affirmative defenses at issue asserted that plaintiffs' amended complaint is barred by the Workers' Compensation

Law because plaintiff was an ad hoc, de facto, and/or special employee of defendant. Assuming, arguendo, that plaintiffs met their burden of establishing as a matter of law that plaintiff's claim was not barred by the Workers' Compensation Law, we conclude that defendant raised triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We have considered defendant's other contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.