# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1065**
**CA 13-02002**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

DREW M. VEROST AND KIMBERLY VEROST,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC.,
NUTTALL GEAR, LLC, NUTTALL GEAR CORPORATION,
DELROYD WORM GEAR, ALTRA HOLDINGS, INC., ALTRA
INDUSTRIAL MOTION, INC., BUFFALO LIFT TRUCKS, INC.,
MULLEN INDUSTRIAL HANDLING CORP.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

THE CAREY FIRM, LLC, GRAND ISLAND, MAXWELL MURPHY, LLC, BUFFALO (ALAN
D. VOOS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT E. SCOTT OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS NUTTALL GEAR, LLC, NUTTALL GEAR
CORPORATION, DELROYD WORM GEAR, ALTRA HOLDINGS, INC., AND ALTRA
INDUSTRIAL MOTION, INC.

OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL),
FOR DEFENDANT-RESPONDENT BUFFALO LIFT TRUCKS, INC.

GOLDBERG SEGALLA LLP, BUFFALO (DENNIS P. GLASCOTT OF COUNSEL), FOR
DEFENDANT-RESPONDENT MULLEN INDUSTRIAL HANDLING CORP.

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF
COUNSEL), AND WHYTE HIRSCHBOECK DUDEK S.C., MILWAUKEE, WISCONSIN, FOR
DEFENDANT-RESPONDENT MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered August 13, 2013.  The order granted the
motions of defendants-respondents for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of defendants
Nuttall Gear, LLC, Nuttall Gear Corporation, Delroyd Worm Gear, Altra
Holdings, Inc., and Altra Industrial Motion, Inc. and reinstating the
complaint against them, and as modified the order is affirmed without
costs.

Memorandum:  Drew M. VeRost (plaintiff) and his wife commenced

this action seeking damages for injuries he sustained while operating a forklift at a manufacturing facility owned by defendant Nuttall Gear, LLC (Nuttall Gear). Plaintiff had been assigned to work there by SPS Temporaries, Inc. (SPS), a temporary employment agency, and the accident occurred when plaintiff climbed out of the seat of the forklift and attempted to engage a lever on the mast of the forklift. While standing on the front of the forklift and reaching for the lever with his hand, plaintiff inadvertently stepped on a gear shift near the steering wheel. The activated gear shift caused the mast of the forklift to move backward, pinning plaintiff between the mast and the forklift's metal roll cage and injuring him in the process.

The forklift in question was manufactured by defendant Mitsubishi Caterpillar Forklift America, Inc. (MCFA), and sold new to Nuttall Gear by defendants Buffalo Lift Trucks, Inc. (Buffalo Lift) and Mullen Industrial Handling Corp. (Mullen). The forklift as manufactured was equipped with a seat safety switch that would render the forklift inoperable if the operator was not in the driver's seat. At the time of the accident, however, someone had intentionally disabled the safety switch by installing a "jumper wire" under the seat of the forklift. As a result, the forklift still had power when the operator was not in the driver's seat. Of the 10 forklifts owned by Nuttall Gear, seven had "jumper wires" installed that disabled the safety switches.

The complaint asserts causes of action against MCFA, Buffalo Lift and Mullen sounding in strict products liability, alleging, inter alia, that the forklift was defectively designed and that those defendants failed to provide adequate "warnings for the safe operation, maintenance repair and servicing of the forklift." The complaint also alleged that Nuttall Gear and its related entities, defendants Nuttall Gear Corporation, Delroyd Worm Gear, Altra Holdings, Inc., and Altra Industrial Motion, Inc. (collectively, Nuttall Gear defendants) were negligent in, among other things, failing to maintain the forklift in a safe condition. Following discovery, the strict products liability defendants (MCFA, Buffalo Lift and Mullen) each moved for summary judgment dismissing the complaint against them, contending that the forklift was safe when it was manufactured and delivered to Nuttall Gear, and that it was thereafter rendered unsafe by a third party who deactivated the safety switch. The Nuttall Gear defendants also moved for summary judgment, asserting that plaintiff was Nuttall Gear's special employee and is thus barred by Workers' Compensation Law § 11 from suing them. Supreme Court granted the motions and dismissed the complaint in its entirety, and this appeal ensued.

We conclude that the court properly granted the motions of the products liability defendants. As the Court of Appeals has recently made clear, " 'a manufacturer, who has designed and produced a safe product, will not be liable for injuries resulting from substantial alterations or modifications of the product by a third party which render the product defective or otherwise unsafe' " (*Hoover v New Holland N. Am., Inc*., 23 NY3d 41, 54). Here, the products liability defendants established as a matter of law that the forklift was not

defectively designed by establishing that, when it was manufactured and delivered to Nuttall Gear, it had a safety switch that would have prevented plaintiff's accident, and a third party thereafter made a substantial modification to the forklift by disabling the safety switch.  The burden thus shifted to plaintiffs to raise an issue of fact, and they failed to meet that burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to plaintiffs' contention, the affidavit of their expert, a professional engineer, does not raise a triable issue of fact.

We agree with plaintiffs, however, that the court erred in granting the motion of the Nuttall Gear defendants for summary judgment dismissing the complaint against them, and we therefore modify the order accordingly.  It is well settled that "a general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557).  "A special employee is described as one who is transferred for a limited time of whatever duration to the service of another . . . General employment is presumed to continue, but this presumption is overcome upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*id.; see Abreu v Wel-Made Enters., Inc.*, 105 AD3d 878, 879).  Although the determination of special employment status is "usually a question of fact," such a determination "may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson*, 78 NY2d at 557-558; *see Bounds v State of New York*, 24 AD3d 1212, 1213-1214; *Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972, 972).

Here, in support of their motion, the Nuttall Gear defendants relied on an affidavit from an accountant who works in Nuttall Gear's human resources department.  Although the accountant stated that Nuttall Gear supervised plaintiff and controlled his work, she did not identify any specific Nuttall Gear employees who did so, nor did she state her basis of knowledge.  In fact, there is no indication in the record that the accountant ever witnessed plaintiff working or observed anyone directing or supervising him, and it is well settled that an affidavit is without evidentiary value if the affiant has no personal knowledge of the facts asserted therein (*see King's Ct. Rest., Inc. v Hurondel I, Inc.*, 87 AD3d 1361, 1363).

In any event, even assuming, arguendo, that the Nuttall Gear defendants met their initial burden of establishing as a matter of law that plaintiff was a special employee, we conclude that plaintiffs raised an issue of fact by submitting an affidavit from SPS's president, who stated that SPS never relinquished control or supervision of plaintiff to Nuttall Gear or anyone else.  According to SPS's president, its temporary employees are required to check in with SPS at least one hour before showing up for work, and SPS retains the exclusive authority to discipline those employees.  Plaintiffs also submitted the deposition testimony of two Nuttall Gear supervisors who were working at the facility with plaintiff at the time of the

accident, both of whom testified that they had no contact with plaintiff.  It appears from the record that the only person who had contact with plaintiff at Nuttall Gear was Mark Moscato, who himself was a general employee of SPS.  The Nuttall Gear defendants have not identified a single person, other than Moscato, who told plaintiff what to do or how to do it.

The motion court's reliance on *Thompson* (78 NY2d 553) was misplaced.  In *Thompson*, the plaintiff worked for the defendant for approximately one year, and reported daily to one of defendant's supervisors, "who assigned, supervised, instructed, oversaw, monitored and directed his work duties on a daily basis" (*id.* at 556).  Here, in contrast, plaintiff worked at Nuttall Gear for only 9.5 hours, and there is no evidence that he had any contact with a Nuttall Gear supervisor.  The other cases cited by the motion court — *Rucci v Cooper Indus*. (300 AD2d 1078) and *Davis v Butler* (262 AD2d 1039) — are similarly distinguishable.  For example, in *Rucci*, the record on appeal shows that the plaintiff admitted that he reported daily to the superintendent of defendant Lehigh Construction Group, Inc.  (Lehigh) and received his work assignments from the superintendent.  The plaintiff also admitted that Lehigh controlled his work.  There are no such admissions from plaintiff in this case.  We thus conclude that an issue of fact exists whether plaintiff was a special employee of Nuttall Gear (*see e.g. Lee v ServiceMaster Co.*, 37 AD3d 1163, 1164-1165; *Evans v P.C.I. Paper Conversions, Inc.*, 32 AD3d 1310, 1310-1311; *Bounds*, 24 AD3d at 1213-1214; *cf. Majewicz v Malecki*, 9 AD3d 860, 861).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court