Taylor v Piatkowski Riteway Meats, Inc. (2021 NY Slip Op 04288)





Taylor v Piatkowski Riteway Meats, Inc.


2021 NY Slip Op 04288


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


36 CA 20-01016

[*1]MICHAEL A. TAYLOR, PLAINTIFF-APPELLANT,
v
PIATKOWSKI RITEWAY MEATS, INC., DEFENDANT-RESPONDENT. 






BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ELISE L. CASSAR OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered February 18, 2020. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff was hired by nonparty Durham Staffing, Inc. (Durham), an employment staffing agency, and was assigned to work at defendant, Piatkowski Riteway Meats, Inc. On his fifth day of work, plaintiff was injured in defendant's warehouse. He thereafter commenced this action against defendant, which moved for summary judgment dismissing the complaint, contending that, inasmuch as plaintiff was a special employee of defendant, the action was barred by the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6). We conclude that Supreme Court erred in granting defendant's motion.
Defendant failed to meet its initial burden on the motion of establishing as a matter of law that it exercised complete control over "the manner, details and ultimate result of [plaintiff's] work" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]). The evidence submitted by defendant raised a triable issue of fact whether the agreement between Durham and defendant restricted defendant's control over plaintiff's work and thus whether Durham surrendered control over plaintiff's work to defendant (see Evans v P.C.I. Paper Conversions, Inc., 32 AD3d 1310, 1311 [4th Dept 2006]; Cobb v AMF Bowling Prods., Inc., 19 AD3d 1162, 1162-1163 [4th Dept 2005]; cf. Filer v Keystone Corp., 128 AD3d 1323, 1325-1326 [4th Dept 2015]; Majewicz v Malecki, 9 AD3d 860, 861 [4th Dept 2004]; Adams v North-Star Constr. Co., 249 AD2d 1001, 1001-1002 [4th Dept 1998]).
In addition, plaintiff worked at defendant's warehouse for only a few days, and there are triable issues of fact whether he was primarily trained and supervised by another Durham employee (see VeRost v Mitsubishi Caterpillar Forklift Am., Inc., 124 AD3d 1219, 1221-1222 [4th Dept 2015], lv denied 25 NY3d 968 [2015]).
Inasmuch as defendant failed to establish, as a matter of law, that plaintiff was its special employee, the burden never shifted to plaintiff to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore reverse the order, deny the motion, and reinstate the complaint.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court