Payano v Proto Prop. Servs. LLC (2024 NY Slip Op 04915)

Payano v Proto Prop. Servs. LLC

2024 NY Slip Op 04915

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 22996/20 Appeal No. 2750 Case No. 2024-00939 

[*1]Victor Payano, Plaintiff-Respondent,
v
Proto Property Services LLC, Defendant-Appellant.

Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 17, 2024, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, a building superintendent, alleges injuries caused while attempting to gain access to an apartment at the premises where he worked. Defendant managed the building on behalf of plaintiff's general employer. Defendant argues that it is plaintiff's special employer and, therefore, plaintiff is barred from suing it by his election of workers' compensation benefits (see Workers' Compensation Law § 29[6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 560 [1991]).
Plaintiff testified that he received all his work instructions from an employee of defendant, the building's manager (see Suarez v Food Emporium, Inc., 16 AD3d 152, 153 [1st Dept 2005] [finding the defendant to be a special employer based on the plaintiff's admission that its employees "directed him to report to work on a particular day and . . . gave him orders"]). Both plaintiff and the building's manager testified that they considered the building manager to be plaintiff's boss or supervisor (see Carey v Toy Indus. Assn. TM, Inc., 216 AD3d 404, 406-407 [1st Dept 2023] [contractor that assigned tasks to the plaintiff and supervised those tasks was a special employer when both the plaintiff and the contractor considered the contractor to be the plaintiff's supervisor]).The record also shows that defendant had the right to fire plaintiff (see Gannon v JWP Forest Elec. Corp., 275 AD2d 231, 232 [1st Dept 2000]["a number of factors must be weighed, including . . . the right to discharge"]; cf. Thompson, 78 NY2d at 558-559 [the defendant's sole right to terminate the plaintiff's assignment supported its claim to be his special employer]).
The evidence thus showed that defendant "supervised, directed and controlled plaintiff's work" (Vincente v Silverstein Props., Inc., 83 AD3d 586, 587 [1st Dept 2011], lv denied 17 NY3d 710 [2011]; see Gannon, 275 AD2d at 232 ["(o)f primary importance . . . is the degree of control the alleged special employer has over the work of the employee"]). Although defendant has produced no contract between itself and the building owner, such a contract is not a prerequisite for special employment status (see Carey, 216 AD3d at 406-407 [finding the plaintiff to be a special employee as a matter of law, without reference to any contract between his general and special employer]; Suarez, 16 AD3d at 153 [granting summary judgment to the defendant "(i)n light of plaintiff's admission and the legal significance of control and direction"]; see also Thompson, 78 NY2d at 559-560 [contract that did not define the plaintiff's special employment status was not determinative]; Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc., 37 AD3d 155, 156 [1st Dept [*2]2007] [same]). Therefore, defendant has established its prima facie case that it was plaintiff's special employer, which plaintiff has failed to rebut with any issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024